SAMUEL E. SMITH *& ux. & al. versus* PEOPLE'S BANK.

The interest of a mortgagee of lands, after entry for the purpose of foreclos-
ing the mortgage and before a foreclosure has taken place, cannot be
transferred by an attachment and levy thereon as the real estate of the
mortgagee.

To constitute a mortgage, it is not necessary that there should be any collat-
eral or personal security for the debt secured by the mortgage.

WRIT OF ENTRY.    The demandants are the heirs at law of
the late H. W. Fuller of Augusta.    They claim title to the
land demanded, situated in the County of Somerset, under a
quitclaim deed from Warren Preston to the intestate.    Preston
originally owned the premises, and made a conveyance thereof
to one Norton, on April 18, 1834, who on the same day re-
conveyed the same to Preston by a mortgage deed with this
condition.    "If the said Norton, his heirs, executors, or ad-
ministrators, shall well and truly pay to the said Preston, his
executors, administrators, or assigns, the sum of one thousand
four hundred and seventy-seven dollars and thirty-three cents
in three equal annual payments, with interest annually on the
same, then this deed shall be void, otherwise remain in full
force."    On March 25, 1837, Preston recovered judgment
against Norton upon the mortgage, the conditional judgment
being rendered, that a writ of possession should issue, unless
Norton should pay within two months, the sum of $638,61.
A writ of possession issued, and on June 6, 1837, Preston was

put in possession of the premises by virtue of it. On Sept. 30, 1839, the money remaining unpaid, Preston conveyed all his right, title and interest to said H. W. Fuller, deceased, and the deed was forthwith recorded. It did not appear that any note, bond, or other security than the mortgage, was taken.

The defendants, on August 3, 1838, sued out a *writ in* their favor against Preston, and a return of an attachment of the demanded premises was made thereon by an officer on Sept. 6, 1838. They entered their action, and recovered judgment against Preston, in Dec. 1841, and on Dec. 30, 1841, levied their execution upon the whole of the demanded premises, in due form of law, and the levy was seasonably recorded.

The Court were to render such judgment, upon nonsuit or default, as in their opinion was required by law.

*B. A. G. Fuller* argued for the demandants. He considered, that the only question in the case was, whether the interest of the mortgagee, after entry for the purpose, but before foreclosure, is transferred to a creditor by an attachment and levy thereon as the real estate of the mortgagee; and contended that it could not be done in that mode.

It is well settled, that this cannot be done before an entry to foreclose. 12 Mass. R. 518; 4 Kent, 153; 4 Pick. 131; 20 Maine R. 117; 19 Maine R. 433; Powell on Mort. 221, 245; 11 Johns. R. 538; 15 Johns. R. 319; 8 Pick. 336; 19 Maine R. 99; Dougl. 610; 4 Conn. R. 235; 3 Pick. 484; 4 Johns. R. 41 and 221; 19 Pick. 346; 12 Pick. 57; 14 Pick. 399; 3 Metc. 89.

The character of the interest of the mortgagee and mortgagor is not varied by an entry to foreclose. The mortgagor may still pay the amount due, and his land is discharged from the incumbrance of the mortgage, and it ceases to have validity; the interest of the mortgagee is still personal estate, and passes by a devise of personal estate and not of lands; an attaching creditor is not authorized to receive money or discharge the mortgage. 4 Kent, 161; 4 Dane, 153; Powell on Mort. 185; 2 Ves. 44; 13 Mass. R. 309; 16 Mass. R. 18;

4 Pick. 19 and 349; 3 Mason, 528; 2 Story's Eq. 287; 7 Greenl. 31 and 377; 20 Maine R. 117. Levies might be made on distinct portions of the property, which would create a difficulty in redeeming, which the law does not permit. 5 Pick. 283. A title to the property is acquired only on foreclosure. 7 Mass. R. 131; 11 Mass. R. 469; 19 Maine R. 433; 4 Pick. 439.

The mortgage was legally assigned to the intestate by the quitclaim deed. *Dorkray* v. *Noble,* 8 Greenl. 278.

The mortgage had been assigned to the intestate long prior to the levy, and the latter must relate back to the time of the attachment. 6 Mass. R. 242. To give the defendants any title, it should have been subject to be taken on execution when the attachment was made.

*T. A. Hill* furnished a written argument in behalf of the defendants, wherein he contended, among other grounds, that the Rev. Stat. c. 94, § 1, provides that all real estate of the debtor, and rights of entry into land, and rights of redeeming lands mortgaged, may be taken in execution. And by c. 114, all real estate which is liable to be taken on execution, may be attached on mesne process. These provisions are but re-enactments of former statutes. Rev. Stat. c. 1, shows how extensive a signification the word *land* is to have. The phrase *real estate,* comprehends every species of estate in lands. 14 Mass. R. 26.

The deed of Norton to Preston conveyed a conditional fee simple estate, which is an attachable interest. The estate of Preston might have been defeated, but the attachment and subsequent levy transferred to the defendants all Preston's interest in the land. The intestate so considered it, or he would not have taken a deed of the land, but an assignment. 2 Vern. 701. The reasoning, therefore, founded on the assumption, that the deed to Preston was a mortgage, falls to the ground, and the authorities cited are wholly inapplicable.

But were this so far in the nature of a mortgage, that there must be a foreclosure, still the reasoning of the counsel for the

demandants is not applicable. Here was no personal security, and the mortgage could not be merely attendant upon the note or bond secured, as contended for by the plaintiffs.

The cases cited for the demandants to show that the right of the mortgagee was only a chattel interest, are all predicated on the fact, that in those cases no possession had been taken to foreclose. They show, that the Courts considered, that after an entry to foreclose, the interest of the mortgagee was subject to be attached and levied upon as real estate.

As Norton did not claim his right to regain his land by performance of the condition, the estate became absolute in Preston; and as the levy had relation back to the time of the attachment, the defendants acquired a perfect title to the land. 11 Mass. R. 474.

In the case, *Blanchard* v. *Coburn*, 16 Mass. R. 345, the Court concede, that nothing but an entry by the mortgagee was necessary to make the land attachable as the property of the mortgagee. See also, 6 Mass. R. 50; 12 Mass. R. 447; 2 Binney, 4.

The statute requiring attachments of real estate to be recorded has essentially changed the relation between a mortgagee and his assignee. The latter must now be presumed to have notice of all attachments of the mortgagee's interest in real estate, and cannot claim to be protected against an attachment duly made and recorded prior to his claim by assignment.

The title of the defendants is sustained by the opinion and reasoning of Judge Trowbridge, found in the appendix to 8 Mass. R. which have not been overruled or shaken by any later decisions, so far as it respects the present case.

*Fuller,* in his reply, said that the opinion of Judge Trowbridge, referred to by the defendants' counsel, had been repeatedly overruled, and that it was unnecessary further to notice it, save to remark, that Judge Trowbridge makes no difference between mortgages before and after an entry to foreclose.

The opinion of the Court was drawn up by

TENNEY J. — It has been held by Courts in several of the

States, that the interest of the mortgagee in real estate, before an entry for condition broken, with a view to foreclosure, cannot be taken in satisfaction of a judgment and execution against him. This principle has been so frequently discussed, and re-affirmed, that it may be considered fully established. Whether his interest is so changed by such entry, that it becomes attachable, is a question, which does not appear from the cases examined, to have been distinctly presented for adjudication. In several opinions, Courts have carefully limited the doctrine to the cases before them, where there had been no entry for a breach of the condition, or when the mortgagor was in possession; and in others, they have intimated, in terms far from implying doubts, that the respective rights of the parties to a mortgage were not so materially changed by the entry of the mortgagee, that his creditor could better avail himself of his interest afterwards, than before. It will be proper to examine the rights of the respective parties to a mortgage and the reasons for denying to a creditor the power to satisfy his debt from the estate of the mortgagee before entry for a breach of the condition ; and to ascertain whether those reasons do or do not apply to a case, where such an entry has been made.

The doctrine of the common law, in the time of Lord Coke, that land conveyed in mortgage passes presently to the mortgagee, and that the mortgagor has only the condition left, and no estate in the land, which he can assign over, has been essentially changed by statutes and the adoption, by the Courts of common law, of the principles by which Courts of equity are governed. Lord Mansfield, in *Martin* v. *Mowlin*, 2 Bur. 969, is reported to have said, " that a mortgage is a charge upon the land, and whatever would give the money will carry the estate in the land along with it to every purpose. The estate in the land is the same thing as the money due upon it; it will be liable to debts ; it will go to the executors ; it will pass by will not made and executed with the solemnities required by the statute of frauds. The assignment of the debt and forgiving it, will draw the land after it, as a conveyance ; nay, it would do it, though the debt were forgiven only by

parol, for the right to the land would follow, notwithstanding the statute of frauds." These views were regarded by the learned Judge Trowbridge, so absurd, that he did not believe they could have been uttered without important qualifications and restrictions; and in Massachusetts their authority has been denied. *Parsons* v. *Welles & al.* 17 Mass. R. 419. In *Vose* v. *Handy*, 2 Greenl. 322, Chief Justice Mellen says, "the case of *Martin* v. *Mowlin*, has so long been the subject of the critical animadversion by Judge Trowbridge and many learned Judges since his time, that it cannot be deemed authority." And yet the correctness of the opinions, as reported in that case, has to a great extent, to say the least, been admitted by Courts and jurists of the present day. In St. Michaels' Bath, the same great Judge said, " it was an affront to common sense, to say that a mortgagor has no interest in the mortgaged premises. The law recognizes his interest. In case of a freehold, he has a right to vote for members of parliament." " Consider what in strictnes is the interest of the mortgagor ; after the usual time given for payment is expired, the estate becomes absolute in the mortgagee at law ; but neither the Courts of law or equity lose sight of what the parties intended." " A mortgagor in possession gains a settlement, because the mortgagee notwithstanding the form, has but a chattel and the mortgage is only security." These principles were adopted by the King's Bench in 1801, in the case of *The King* v. *Eddington*, 1 East, 288 ; Lord Hardwick, in *Richards* v. *Sims*, Barnd. Ch. Rep. 90, said that a discharge of a debt even by parol was considered a discharge of the mortgage, so that in ejectment upon the mortgage, evidence that the debt was satisfied, would defeat the estate in the land, which shows, that even the law considers the debt as the principal, and the mortgage as the incident only." In *Jackson* v. *Willard*, 4 Johns. R. 41, Kent J. says, "the real nature of a mortgage in the equity sense of it, has been repeatedly recognized in the Courts of law, since the time of Lord Hardwick." " Until foreclosure, or at least until possession, the mortgage remains in the light of a *chose in action*, it is but an incident attached

to the debt, and in reason and propriety, it cannot and ought not to be detached from its principal. The mortgage interest, as distinct from the debt, is not a fit subject of assignment. It has no determinate value. If it should be assigned, the assignee must hold the interest at the will and disposal of the creditor, who holds the bond. *Accessorium non ducit, sed sequitur principale.* It is difficult to conceive what right can be sold, which does not carry the debt with it. The control of the mortgaged premises must essentially reside in him, who holds the debt." "There is no way to render a mortgage vendible, but by allowing the debt to go with it, and this would be repugnant to all rule, for it is well understood that a *chose in action* is not the subject of sale on an execution."

In New York it is the settled doctrine, that the transfer of a note secured by a mortgage, being in writing, the mere delivery of the mortgage security, is a sufficient assignment, and that mortgages are not now considered as conveyances of land within the statute of frauds. *Green* v. *Hart,* 1 Johns. R. 580; *Pattison* v. *Hull & al.* 9 Cow. 747; *Jackson* v. *Blodget,* 5 Cow. 202. In Massachusetts and in this State, Courts have held, that to create a valid assignment of a mortgage, the transfer must be by deed; but in a court of equity, the debt is the principal and the mortgage the accessory. *Warden* v. *Adams,* 15 Mass. R. 233; *Parsons* v. *Welles & al.* before cited. They have considered, however, that the mortgagee held the relation of trustee of the one to whom the debt secured by the mortgage was assigned; *Crane* v. *March,* 4 Pick. 131; making the distinction rather matter of form than of substance. And the Courts in Massachusetts distinctly recognize the principle, that the land mortgaged is only a pledge for the debt, which may be, and often is assignable in its nature, and if it be assigned the mortgagor may pay it to the assignee and thus discharge the mortgage, notwithstanding the creditors of the mortgagee may have taken the land in execution. *Blanchard* v. *Coburn & ux.* 16 Mass. R. 345; *Eaton* v. *Whitney,* 3 Pick. 484. The Court say, in the case last named, "It [the mortgage] is in fact but a *chose in action,* at least until entry to foreclose, and although

the legal effect of the mortgage is to give an immediate right of entry, or of an action to the mortgagee, yet the estate does not become his in fact, till he does some act to divest the mortgagor, who to all intents and purposes remains the owner of the land, till the mortgagee chooses to assert his rights under the deed. It is, as before said, in the nature of a pledge."

If the mortgagee resort to an action to obtain possession after breach of the condition, the Court can render only a conditional judgment; and are to determine what is due in equity and good conscience; and if that sum is paid in two months, there can be no writ of possession. And if there be nothing due, the result must be the same; and the action will be utterly fruitless. "The plea of payment and satisfaction, after the day, is a good bar to any suit by the mortgagee, after condition broken, for possession of the estate." *Vose* v. *Handy*, 2 Greenl. 322; *Gray* v. *Jenks & al.* 3 Mason, 520. In *Fay* v. *Cheney*, 14 Pick. 399, the Court say, "the remedies designed for the mortgagee were such as to enable him to obtain payment of the debt, or an indefeasible title to the estate pledged for its security, but not both." Entry of the mortgagee after the condition is broken is not payment of the debt or any part of it; the mortgagee notwithstanding his possession can assert his right to payment on his personal security, if he have such, and the entry and possession is no bar, the whole being but a process to compel payment. *West* v. *Chamberlain*, 8 Pick. 336; *Portland Bank* v. *Fox*, 19 Maine R. 99.

It has been determined, that by general principles relating to mortgages, confirmed by the statute of 1788, c. 51, of which the statute of this State, passed in 1821, c. 39, § 9 & 10, is a transcript, the heirs of a deceased mortgagee have not such an interest in the lands as will entitle them to enter or to have an action upon the mortgage for condition broken. For as the debt belongs to the executor or administrator to be administered according to law; so does the mortgage which is only security for the debt. *Smith & al.* v. *Dyer*, 16 Mass. R. 18; *Dewey & al.* v. *Van Deusen*, 4 Pick 19. In *Fay* v.

*Cheney*, before referred to, it was held, that nothing short of a foreclosure would enable the heir to maintain an action against the mortgagor upon the mortgage. "The equity of redemption is considered to be the real and beneficial estate, tantamount to the fee at law, and it is accordingly held to be descendible by inheritance, devisable by will, and alienable by deed, precisely, as if it were an absolute estate at law. The Courts of law have also, by a gradual and almost insensible progress, adoped these equitable views of the subject, which are founded in justice, and accord with the true interest and inherent nature of every such transaction." 4 Kent's Com. § 57, p. 158.

The result is to be drawn from the principles, which we have considered, that the breach of the condition in a mortgage in no respect changes the nature of the estate in the respective parties. Notwithstanding such breach, the mortgagor is still considered the owner against all but the mortgagee; he may sell and convey the fee; may lease the land, if in possession; and in every respect deal with it as his own. The equity of redemption remains little, if at all, affected by an entry of the mortgagee, after breach of the condition; the rights of the mortgagor are not essentially impaired till foreclosure. It may be taken on execution against the owner and disposed of as well after as before such entry; and the interest acquired by the creditor differs in no respect from that which he would have obtained, if made before breach of the condition. The mortgagee, by his entry, acquires no absolute interest presently, which he would not have done by taking possession before the breach of the condition. In both cases he would hold the land subject to redemption and be obliged to account strictly for the net value of the rents and profits; if they should be equal to the amount of the debt secured by the mortgage, before the expiration of the time necessary to work a foreclosure, the mortgage would be discharged thereby as effectually, as by any other mode of payment. In the view of a court of equity, the rents and profits are incidents *de jure* to the ownership of the equity of redemption. *Gordon* v. *Lewis*

*& al.* 2 Sumn. 143. In no sense can they be the property of the mortgagee, till foreclosure. He surrenders no rights, which he before possessed by the entry. In the language of Chief Justice Shaw, in *Fay* v. *Cheney*, "the entry does little or nothing to change the relative rights of the parties. It fixes the commencement of three years, the lapse of which by force of law, if the estate be not redeemed, will work a foreclosure." Until that takes place the mortgage is as before, a security for the debt, and remains the personal property of the mortgagee, passing on his death to the executor and not to the heir. No new property is added to it by entry, which did not previously belong to it, so as to make it liable for the debts of the mortgagee. All the difficulties and inconveniences, which would result from a levy of an execution upon such an estate, before entry, would exist in even a greater degree afterwards. In addition to the fact, that an execution might require but a small part of the land to satisfy it, and several levies might be made by several persons, which would be an embarrassment to the mortgagor or his representative, if they should wish to redeem, there would be the greater difficulty arising from the rents and profits, for the value of which the latter would be entitled. In such a case, who would be held to account for them, a part having been received by the mortgagee, and a part by several creditors, who might claim to succeed to his rights as the mortgagee? Against whom must the mortgagor bring his bill in equity, that he may be restored to his estate? Was it supposed, that by the acts of strangers he should be turned from the plain and straight course of seeking his equities from the mortgagee and his assigns? To whom must the tender be made to entitle the owner of the equity of redemption to the rights secured to him by law? But a difficulty greater than inconveniencies presents itself as an insurmountable obstacle to the levy upon a mortgagee's right before foreclosure. The mortgage is "a pledge," "a chose in action," "an accident," until foreclosure. Such cannot be taken and sold on execution, unless by express statute provision, much less if possible, can it be the subject of levy by a set-off.

If the interest of a mortgagee cannot be taken in satisfaction of an execution, it cannot be the subject of attachment upon mesne process. No attachment can be made, where there is no right of the debtor which is attachable. *Eaton* v. *Whiting*, before cited ; Stat. of 1821, c. 60, § 1.

In the case at bar, the attachment upon mesne process in favor of the defendants against Preston, made after his entry for breach of the condition and before foreclosure, was a nullity. The levy of the execution was subsequent to the conveyance by quitclaim deed, duly acknowledged and recorded, of Preston to the demandant's ancestor, which was a valid assignment of the mortgage, and there was nothing upon which the levy could rest.

It is however insisted by the defendants, that the deed from Norton to Preston was not a mortgage, inasmuch as there was no personal obligation given for any debt, from the former to the latter. A mortgage is the conveyance of an estate by way of pledge for security of a debt, and to become void on the payment of it. 4 Kent's Com. 129. " It is none the less a mortgage because there was no collateral personal security for the debt taken at the time." *Rice & al.* v. *Rice*, 4 Pick. 349. If at the time of making a conveyance, the grantor take a bond of defeasance, the transaction is a mortgage. *Taylor* v. *Weld & al.* 5 Mass. R. 109, and in the case cited there was no collateral personal security for the debt. The defendants offered the execution issued upon the conditional judgment in favor of Preston against Norton, and the return thereon, that seizin and possession was delivered to the former. But for that possession, they do not argue that they have a defence, and yet that execution is upon a judgment, when the Court adjudged a debt to be due and payable from Norton to Preston.

*The defendants must be defaulted.*