BROWN, administrator, *vs.* HARDEE, survivor.

Where an owner of land sells it, gives bond for title, and receives part of the purchase money, the title still remains in him until the whole of the purchase money is paid, and he has such an interest in the land as is subject to the lien of a judgment rendered against him, and it is liable to levy and sale thereunder.

November 3, 1885.

Levy and Sale.    Title.    Before Judge JNO. T. CLARKE. Randolph Superior Court.    November Term, 1884.

Reported in the decision.

J. H. GUERRY; L. S. CHASTAIN; W. C. WORRILL, for plaintiff in error.

C. B. WOOTEN; A. HOOD & SON, for defendant.

BLANDFORD, Justice.

This was a claim case.    The plaintiff in error contends that, as his testimony showed possession of the land under bond for titles, and that he had paid half of the purchase money before the rendition of plaintiff's judgment, and that his possession was more than four years prior to the levy of plaintiff's execution, the land levied on was not subject, although the levy was made within four years from the rendition of the judgment, and within four years from the time of the last payment by him of the purchase money for the land.

Upon his theory, the court charged the jury that the land was subject.    This charge is excepted to, and is the only error assigned.

The land was the property of defendant in execution, and the title to the same was in him until the whole of the purchase money was paid; he had such an interest in the land as became subject to the lien of plaintiff's judgment, when it was rendered; and this was liable to levy and

sale. This being so, it follows that the instructions of the court to the jury complained of were right.

The evidence in the case is overwhelmingly in favor of the finding of the jury, upon the theory of the plaintiff in *fi. fa.*, that this was a fraudulent arrangement between claimant and defendant in execution to defraud his creditors.

Judgment affirmed.