Hillsborough,  }
   Dec., 1896.  }

## MARSTON & a. v. OSGOOD.

A levying creditor's conveyance of land with warranty is competent and sufficient evidence of his acceptance of seizin.

One in possession of real estate under a bond for a deed is equitably entitled, upon performance of his part of the contract, to a conveyance from one claiming under a levy on execution against the obligor; but as defendant in a writ of entry, his right to a deed is no defence to the legal title of the levying creditor or those claiming under him.

WRIT OF ENTRY. Trial by the court and verdict for the plaintiffs. May 12, 1882, Charles Sanborn owned the demanded premises, and on that day gave the defendant a bond to convey the same to him at any time within three years, upon the payment of $1,500, together with interest thereon, to be paid every three months, and all taxes. By the terms of the bond, the defendant was entitled to take and took immediate possession of the premises, and has ever since remained in possession. He paid the interest to May 12, 1883, and the taxes, but has paid nothing since. May 28, 1883, T. G. Sanborn caused the premises to be attached on his writ against Charles Sanborn; and having obtained judgment, caused the execution issued thereon to be levied on the premises, December 19, 1884. In April, 1886, he conveyed the same with warranty to George Marston, since deceased, whose heirs-at-law the plaintiffs are. The officer returned that he delivered seizin to the creditor's attorney. The defendant objected to the levy because the return does not show that the creditor accepted seizin. The court found that the creditor accepted seizin and overruled the objection, subject to exception. The defendant claimed that the levy was void as against him, but the court ruled otherwise, and he excepted.

*Greenleaf K. Bartlett* and *David Cross*, for the plaintiffs.

*Alpheus C. Osgood* and *David A. Taggart*, for the defendant.

CARPENTER, C. J. The levying creditor's conveyance of the land with warranty was competent and sufficient evidence of his acceptance of seizin.

The defendant was in equity entitled to a conveyance upon the performance of his part of the contract. He owned an interest in the land. P. S., c. 233, s. 19; *Edgerly* v. *Sanborn*, 6 N. H. 397, 399. Of this interest his possession of the premises was constructive notice. *Pritchard* v. *Brown*, 4 N. H. 397; *Cutting* v. *Pike*, 21 N. H. 347. His equitable right to a conveyance was not affected by the levy. Under it the creditor took the legal estate, subject to the equitable obligation to convey the land to the defendant on his performance of the conditions of the bond. 1 Sto. Eq. Jur., ss. 784, 788.

But the defendant's remedy for a denial of his right is in equity. A full performance of the conditions of the bond before the levy or attachment would, in the absence of fraud, afford him no defence to the present action. *Ela* v. *Pennock*, 38 N. H. 154.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.