### In re PEASLEY.

(District Court, D. New Hampshire. March 29, 1905.)

No. 899.

BANKRUPTCY—SECURED CLAIM—VENDEE'S LIEN.

In the absence of any authoritative state decision or statute governing the case, a vendee under a contract for the purchase of land, who has recorded his bond for a deed and paid the purchase money on the bankruptcy of the vendor without having conveyed, is entitled to prove his claim as one secured by an equitable lien on the land.

In Bankruptcy.

On the 5th day of June, A. D. 1903, the bankrupt contracted to sell to one Eugene G. Bradshaw, of Gardner, in the county of Worcester and commonwealth of Massachusetts, for the sum of $4,600, certain lands, buildings, mills and mill privileges, and standing timber, which said lands, buildings, etc., comprised practically all the realty then owned by the bankrupt; and on said 5th day of June the said Peasley executed a bond in the sum of $5,000 to the said Bradshaw, conditioned upon Peasley giving Bradshaw a good and sufficient warranty deed of the above property. The bond acknowledged the receipt of $200, and set forth that $1,000 was to be paid in 15 days from date, and the balance of the purchase price, $3,400, was to be paid in 30 days. A full description of the land, water privileges, standing timber, etc., is set out in the bond. The bond was signed by Charles A. Peasley and witnessed by two witnesses, and was on the 7th day of July, 1903, recorded in the office of the register of deeds for Sullivan county, where the property was situated. Thereafter the conditions of the bond relating to time were extended to July 15th, and on July 15th $3,400 was paid into the hands of A. L. Mansfield, of Hilsboro Bridge, to hold until Peasley should, on demand, deliver a good and sufficient warranty deed, when the said Mansfield was to pay the $3,400 over to Peasley. This arrangement was made by agreement of all parties interested. One thousand dollars had previously been paid, making in all $1,200 that had come into the hands and possession of Peasley under the contract for sale; and it is this sum of $1,200 for which the said Everett claims a lien upon the real estate. On the 29th day of July, Eugene G. Bradshaw assigned all his rights and interests in the bond and in the property contracted to be conveyed to the claimant, John Everett.

Some time after the 15th day of July, 1903, Peasley tendered to Bradshaw or his assignee, Everett, a deed of all property covered by the bond, which was

refused by Bradshaw or Everett or both, on the ground that it did not convey good title to the property. Thereupon Peasley brought a bill in equity in the superior court for the county of Suffolk and commonwealth of Massachusetts' for specific performance; and within four months of the bankrupt proceedings Everett brought suit against Peasley in the superior court for the county of Sullivan and state of New Hampshire for breach of contract, and, to secure any judgment therein, attached this same property.

Bradshaw or his assignee was given possession of a part of the real estate, viz., the mill and water privilege, and occupied the same and operated the mill for a few months, but at the time bankruptcy proceedings were commenced had withdrawn from the premises, and the property was then in the control and possession of Peasley, the bankrupt.

The bankrupt proceedings were begun by a voluntary petition on the ——— day of ———, 1904, at which time the $3,400 was still in the hands of the said Mansfield, and the two suits mentioned were pending in the respective courts. No action has been taken in the suit of Everett against Peasley for breach of contract. On the 29th day of June, 1904, in the bill of equity brought by Peasley against Bradshaw et al., the following decree was entered:

"Commonwealth of Massachusetts.

"Suffolk, ss                     Superior Court.                     In Equity.

"Charles A. Peasley vs. Eugene G. Bradshaw et als.

"Final Decree.

"This cause came on to be heard upon the report of the special master, and thereupon, by agreement of counsel, the plaintiff having become bankrupt and his trustees having elected not to prosecute said action, it is ordered, adjudged, and decreed that the master's report be confirmed, and that the bill be, and hereby is, dismissed without costs.

"By the Court,
"Henry E. Bellew, Ass't Clerk."

Everett has proved a claim against the estate of Peasley for the $1,200, which claim has been allowed. He now asks to have it allowed as secured, and the referee has opened the case for the purpose of allowing it as secured, if it is entitled so to be, and as though the proof had originally been made for a secured indebtedness.

John Everett, for creditor.
Jesse M. Barton, for trustee.

ALDRICH, District Judge (after stating the facts as above). The question here is whether Mr. Everett, who held the bankrupt's bond for a deed of lands in New Hampshire, was entitled to have his claim for part payment of the purchase money under the bond allowed against the bankrupt estate as a lien claim.

The creditor's position is that, having paid a certain sum of money under the bond contract, and the obligor having been prevented from performance by reason of bankruptcy, that his claim should be allowed as a claim secured by an equitable lien resulting inherently from the situation. As the creditor's position involves a question relating to an interest in real estate, under a familiar rule, we must be governed by New Hampshire law in respect to lands, if it can be ascertained that there is any positive expression of New Hampshire law in respect to a question like the one presented here.

The views of counsel have been expressed with care, and apparently upon full research. It is conceded by counsel who argues against the lien, and it is unquestionably true, that, under the general law of equity as administered in England and in many of our

states, a lien results in favor of the vendee who pays money under a contract like the one presented here. This is upon the ground, as said in Washburn on Real Property (4th Ed. vol. 1, *509), that, "where the contract is executory, as fast as the purchase money is paid in, it is a part performance of such contract, and to that extent the payment of the money, in equity, transfers to the purchaser the ownership of a corresponding portion of the estate." See, also, Story's Eq. Jur. § 1217, and note; Pomeroy's Equity, §§ 167, 1263; Jones on Liens, §§ 1061, 1105. It is also unquestionably true that there is no positive expression by the Supreme Court of New Hampshire upon the subject, so we must accept the question as one not controlled by legislative act or by judicial decision in New Hampshire. Indeed, it is expressly treated as an open question in this state in Arlin v. Brown, 44 N. H. 102, as well as in the later case of Sawyer v. Peters, 50 N. H. 143, 144. In view of the fact that such ᴸ lien has never been held to result in New Hampshire, and in view of the strongly reasoned case of Ahrend v. Odiorne, 118 Mass. 261, 267, 19 Am. Rep. 449, I hesitate about applying the English equity rule to this situation. It must be borne in mind, however, that Massachusetts courts administer a limited equity system, rather than the comprehensive chancery system of England, and that the case of James v. Gray, 131 Fed. 401, 65 C. C. A. 385, decided by the Court of Appeals for the First Circuit, not only holds that equitable claims are provable under the present bankruptcy law, but that federal courts administering the general law of equity, as accepted in England and as generally accepted in this country, will recognize and establish an equitable claim within the purview of the general rules of equity, though, under the decisions of the state court, it has no status under the local law. From that extreme view I dissented, but the authority of the case is one by which I must be governed, and, while it is not necessary in this case to put the decision upon that extreme ground, in view of the universally accepted principle that federal courts administer the general law of equity with respect to a subject upon which there is no positive or express rule of local law, I have concluded to hold that this claim should have the status of a claim secured by an equitable lien. The money was advanced by the vendee in reliance upon the bond. There is no question made against that proposition, and, whether it safeguarded the vendee's interest or not, he attempted to give notice of his interest to the world by having his bond recorded, and performance under the contract was suspended by the arm of the bankruptcy law.

Under New Hampshire law, assignees, as, for instance an administrator of an insolvent estate, are neither attaching creditors nor purchasers for value (Adams v. Lee, 64 N. H. 421, 422, 423, 13 Atl. 786), and an obligee in a bond for a deed has an equitable interest in the land which the bond covers (Marston v. Osgood, 69 N. H. 96, 97, 38 Atl. 378).

While New Hampshire is a state in which interests in land are generally required to be set out in the records by way of mortgage, it excepts from the operation of its statutes such trust interests "as

may arise or result by implication of law." Pub. St. 1901, c. 137, § 13. In view of the New Hampshire statutes, and what would seem must be accepted as a strong intimation in Arlin v. Brown, 44 N. H. 102, that a resulting lien upon land might be held to exist in New Hampshire in a proper case, I do not consider that I am offending any settled policy or principle of New Hampshire law by the conclusion that I reach.

If the parties fail to adjust the matter of interest, the question of interest will first be passed upon by the referee.

The decision of the referee directing that the claim be allowed as an unsecured claim is reversed, and there should be further proceedings not inconsistent with this opinion.