CLIFFORD LAMBERT, IN EQUITY

vs.

ANNIE ALLARD AND JOHN F. HARRIMAN.

Kennebec.     Opinion February 3, 1927.

*The interest of a vendor in a bond for a deed in the land is subject to attachment and levy.*

*The interest of such vendor differs from the non-attachable interest of a mere trustee, in that he (the vendor) has not only the legal title but as such legal owner has, while the purchase money remains unpaid, a personal and beneficial interest or estate.*

*The interest of such vendor differs from non-attachable interest of mortgagee (or levying creditor).*

*One who purchases land with full knowledge of an outstanding bond for a deed has no greater rights than had the vendor.*

On appeal from decree of sitting justice in equity.   A bill of interpleader in which the plaintiff seeks judicial determination as to which one of the defendants he shall pay certain sums of money due and to become due.   The plaintiff was vendee in a bond for a deed of real estate, and an action was brought against the vendor and a general real estate attachment made on the writ.   The question involved was as to whether the vendor had an attachable interest in the real estate described in the bond for a deed.   A hearing was had upon bill and answers and the sitting justice sustained the bill and from a decree John F. Harriman, one of the defendants, appealed.   Decree affirmed.

The case fully appears in the opinion.

*George W. Heselton*, for plaintiff.

*Harry Manser*, for John F. Harriman.

*Ernest L. Goodspeed*, for Annie Allard.

SITTING: WILSON, C. J., DEASY, STURGIS, BASSETT, JJ., MORRILL, A.R.J.

DEASY, J.   Bill of Interpleader.   The case involves the construction of R. S. Ch. 86, Sec. 57 and Ch. 81, Sec. 32 providing for attaching and levying upon real estate.

The plaintiff maintains that a vendor of land who has  given  a bond for a deed, even though he has received a negotiable promissory note for the purchase price, has an attachable interest in the land contracted to be conveyed.   The defendant contends that under such conditions the vendor has no attachable interest.   This, quoting the language of the decree appealed from, is "the fundamental question here to be decided."

To summarize the facts:   In 1923 Clifford Lambert, the plaintiff, received from one Lillie A. LaPlain, owner of land in Gardiner, a bond for a deed of it.   Of the total consideration agreed upon which was $3900, the sum of $500 was paid when the bond was given and the balance agreed to be paid in monthly installments of $25 with interest.   For the deferred payments the plaintiff gave his promissory note.

In 1924, the defendant, Annie Allard, brought suit against said Lillie A. LaPlain and attached all of her real estate in Kennebec County.

In 1925 Mrs. LaPlain in consideration of $3000 received, conveyed to the defendant, John F. Harriman, by warranty deed, the land bonded to the plaintiff, and also endorsed to him the plaintiff's said note.

In 1926 the defendant Mrs. Allard having recovered judgment, received a Sheriffs deed of the property in question including "all the right, title and interest which the said Lillie A. LaPlain has or had in and to the same on the 13th day of June 1924, being the date of attachment on the original writ in said suit."

The defendant, Mrs. Allard, does not dispute that when she made her attachment she had actual knowledge of the plaintiff's bond for a deed.   The defendant, Harriman, when he received his deed had constructive and actual knowledge of the Allard Attachment and a recital in the deed itself informed him of the bond.

It is contended that upon and after the giving of the bond to Lambert and receiving his money and note Mrs. LaPlain, in the contemplation of Equity, held the land as trustee for the vendee.   This contention is sound.   *Linscott* vs. *Buck*, 33 Me. 534.   *Woodbury* vs. *Gard-*

*ner* 77, Me. 75.   *Cross* vs. *Bean,* 83 Me. 61.   Equity also deems the vendee trustee of the consideration for the vendor.

It is true, moreover, that a trustee merely as such, without beneficial interest in the trust property, has no attachable estate in it, (*Houghton* vs. *Davenport,* 74 Me. 594) unless credit was given in good faith upon the credit of the trustee's apparent title.   17 R.C.L. 125.

It matters not whether the trusteeship is active or passive i. e. naked.   A levying creditor cannot provide a substitute for a trustee.

But the rule is different when a party is not a mere trustee, but has a personal and beneficial interest in the property.   He cannot put such interest beyond the reach of creditors by hiding it behind his trusteeship.

It should go without saying that the vendor's valuable personal interest is subject to the payment of his debts.   The only doubt concerns the remedy.

The interest cannot be reached by joining the vendee in a process of foreign attachment.   R. S. Ch. 91, Sec. 55.

If it "cannot be come at to be attached", and this appears by a return on execution, Equity affords a remedy.   R. S. Ch. 82, Sec. 6, Par. XI.

But when a debtor holds the legal record title to real estate and has in it a valuable personal interest it can "be come at to be attached."

The learned counsel for the defendant, Harriman, does not dispute the liability to attachment of estates wherein "legal and beneficial interests are united in the debtor".   Indeed he cites cases so holding, 6 C. J. 202 and *Warren* vs. *Ireland,* 29 Me. 65, from which the words next above quoted are taken.

But he argues that one who has the full legal ownership of land which he has contracted to convey and as such legal owner has also the equitable title to the unpaid purchase money, has no beneficial interest in the land.   His theory is that such party has a "substantial" but not a "beneficial" interest.   This theory we think displays its own infirmity and proclaims its own unsoundness.

He argues further and correctly that Lambert's note was not attachable in a suit at law.   It is true that if the note had before maturity passed into the hands of an innocent holder for value, such holder would have been protected by the rules of the Law Merchant now codified in the Negotiable Instruments Act.

But Mr. Harriman was not such an innocent holder.    He was fully informed as to the whole situation.   He knew that the note was a mere incident of a contract for the sale and purchase of land, that the note would be of no value to him without the land and that the land was subject to Mrs. Allard's attachment.   Fully aware of these things he took the note and deed.   He acquired no greater rights than were possessed by Mrs. LaPlain.

The note is not subject to attachment and is not attached.   The title to the land however has through attachment and levy passed to Mrs. Allard, subject to the plaintiff's rights.   Thereupon equity requires and this court sitting in equity directs that the note, which was merely incidental to the main transaction, be surrendered.

Counsel presents decisive authorities holding that the interest of a *mortgagee* before completed foreclosure is not attachable.   He urges that the position of a vendor, especially when a note for the consideration is given, is precisely like that of a mortgagee.

There are however significant and vital differences.

As between the parties the mortgagee is deemed the legal owner. *Allen* vs. *Emerton,* 108 Me. 224.   The mortgage conveys the property to the mortgagee "to have and to hold to him and his heirs and assigns forever."   As between the parties the law gives full effect to this language.   *Stewart* vs. *Davis,* 63 Me. 544.

But as to third parties the mortgagor is deemed the owner.   In their behalf the law looks beyond the language and perceives the real nature of the transaction.   *Hawes* vs. *Nason,* 111 Me. 195.   *Atwood* vs. *Paper Co.* 85 Me. 380.

As to third parties the mortgagee's interest before completed foreclosure is a mere pledge or lien.   *Smith* vs. *Peoples Bank,* 24 Me. 194. *Hussey* vs. *Fisher* 94 Me. 307.

The same is true, during the redemption period, of a purchaser at Sheriff's sale.   His interest is a pledge or lien merely.   *Hawes* vs. *Nason* supra.

Another distinction between the interest of a mortgagee and that of a vendor is suggested in an earlier paragraph.   It is held "that the debt is the substance, and that the mortgage securing it is a mere incident."   *Hussey* vs. *Fisher* supra, or stated in another way that "the debt (is) the principal thing, and the mortgage only an incident, or accessory to it."   27 Cyc 1286 and cases cited.   *Jordan* vs. *Cheney,* 74 Me. 359.

But a vendor's legal title is not in the same sense subservient to the vendee's debt, even if such debt is represented by a note.

In one case a mortgage is given to secure payment of a note. In the other a note is given to secure performance of the vendee's obligation to purchase.

It is said that in case the levy were upon a part only of the land agreed to be conveyed, great difficulties would be encountered.

Happily it is not necessary to prolong this opinion by solving the suppositious problems of hypothetical cases. No suitor will suffer deprivation of his just and equitable rights because of difficulty in protecting or enforcing them.

It is argued that the interest of an owner of land who has made a contract to convey it, is not in the statute specified as attachable. Neither are estates for life, or those subject to condition, lease or lien. It is not necessary. All are interests in real estate. All are subject to attachment and levy, each bearing its own burden.

No Maine decision is at variance with the opinion. Reliance is placed by counsel upon dicta in certain cases, but even these are not in point.

In *Ricker* vs. *Moore*, 77. Me. 295 the only question at issue was the assignability of a vendee's interest, the contract running to the vendee, and not to him and his assigns.

In determining the vendee's right to be assignable the opinion says that "in this respect" a mortgagor's interest "is exactly analagous to the equitable estate of a vendee."

The other dictum relied upon is found in *Woodbury* vs. *Gardner*, 77 Me. 75, wherein the opinion says that the vendor holds "the vendee's legal estate on a naked trust."

This is true as applied to the facts in that case, and the opinion means no more. The vendee's contract had been largely performed and the balance tendered and refused. But when, as in the instant case, the consideration is in large part unpaid the vendor's trusteeship is by no means dry, passive or naked. *Sawyer* vs. *Skowhegan*, 57 Me. 505.

Some cases in other States sustain the position of Mr. Harriman's counsel. But this opinion is supported by the weight of authority in other jurisdictions.

"The (judgment) lien binds the land, so far as the rights of the vendee will not be affected thereby." Tiffany on Real Property 2nd Ed. Vol. 3, Pg. 2781.

"His (the vendor's) interest may be taken in execution subject to the rights of the vendee." Freeman on Executions 3rd Ed. Vol. 2, Sec. 81.

"The (vendor's) interest—may be levied on and sold under execution or attachment". 39 Cyc 1658.

See *Doe* vs. *Startzer* 62 Neb. 718, 87 N. W. 535; *Dalrymple* vs. *Trust Co.*, 11 N. D. 65, 88 N. W. 1033; *Wells* vs. *Baldwin* 28 Minn. 408, 10 N. W. 427; *Kinports* vs. *Boynton* 120 Pa. St. 306, 14 At. 135; *Brown* vs. *Hardee* 75 Ga. 457; *May* vs. *Emerson* 52 Or. 262, 96 Pac. 454. *Marston* vs. *Osgood* 69 N. H. 96, 38 At. 378; *Reid* vs. *Gorman* 37 S. D. 314, 158 N. W. 780; *Coggshall* vs. *Bank* 63 Ohio St. 88, 57 N. E. 1088.

From the case last cited we quote:

"The rule undoubtedly is that while in a general sense, the vendor holds the legal title in trust, yet so long as any purchase money remains unpaid he still retains a personal right and interest in the land * * * the interest of the vendor while any of the purchase money remains unpaid is subject to levy by attachment or execution".

The decree of the single justice orders that the defendant Harriman execute and deliver a deed of the property in controversy, to Mrs. Allard, that the note be delivered to her, that payments be made by the plaintiff through the Clerk of Courts and endorsed on the note and that when same is fully paid Mrs. Allard shall convey the property to the plaintiff.

*Decree affirmed with further costs for the plaintiff against the defendant, John F. Harriman.*