MARTHA I. COURTNAY, PLAINTIFF IN ERROR, V. CAS-
PER B. PARKER AND OTHERS, DEFENDANTS IN
ERROR.

**Lien of Judgment:** VENDOR'S INTEREST IN LAND. Where
judgment is recovered against one who has agreed to sell land
but made no deed nor received the whole of the purchase money,
it is a lien on the vendor's interest in the land, and a purchaser
under the judgment is entitled to the money remaining unpaid.

ERROR to the district court for Lancaster county. Tried
below before POUND, J.

*D. G. Courtnay* and *J. L. Caldwell*, for plaintiff in error.

*W. J. Lamb* and *Harwood, Ames & Kelly*, for defend-
ants in error.

MAXWELL, J.

This was an action of ejectment brought by the plaintiff
against the defendant to recover the possession of lot 3, in
block 10, in Lavender's addition to the city of Lincoln.
On the second trial in the court below judgment was ren-
dered in favor of the defendants.

It appears from the record that on the 19th day of
July, 1871, Luke Lavender, who was then the owner of
the lot in question, sold the same together with lots 1, 2,
and 4 in said block to Byron Kenable and C. O. Parmen-
ter for the sum of $1,600, payable as follows: $100, at the
time of making the contract; $500 on or before Aug.
19th, 1871; $500 on or before February 19th, 1872, and
$500 on or before August 19, 1872, interest at 10 per
cent to be paid on all deferred payments. It was also
agreed that upon the full payment of said sums and not
otherwise, said Lavender was to make the purchasers a
deed for said lots. Parmenter erected a dwelling-house on

lot 3, and occupied the same with his family until he sold and conveyed the same as hereinafter stated. The testimony tends to show that the $500 due August 19, 1871, was paid. What other sums may have been paid prior to Nov., 1873, is not clear. In June, 1873, Kenable and Parmenter commenced an action against Lavender and wife for a specific performance of the contract. Issues were joined, when in January, 1874, the parties by their attorneys entered into a stipulation that a decree should be entered for a specific performance of the contract, and that said Lavender should then execute a deed for said premises. It was further stipulated that a deed should be made at once for said premises. A decree was afterwards entered according to to the terms of said stipulation. Parmenter thereupon sold and conveyed said lot to Hartley, who in March, 1874, sold and conveyed the same to the defendant Parker, who has occupied the premises ever since. In August, 1873, Henry Atkins commenced an action against Luke Lavender in the district court of Lancaster county, and in November of that year recovered a judgment. In November, 1879, an execution was issued on said judgment, and levied upon said lot 3 with other property, and the same was afterwards sold to the plaintiff. The sale was afterwards confirmed, and a deed made to the purchaser. At the time of this levy and sale it is apparent that all the purchase money had not been paid, and the legal title to the property in controversy remained in Lavender. The lien of the judgment therefore operated on this unpaid purchase money— that is the lien operated upon the lot in question subject to the purchaser's rights under the contract. *Filley v. Duncan*, 1 Neb., 134.   *Uhl v. May*, 5 Neb., 157.   *Lefferson v. Dallas*, 20 O. S., 68.

In *Fasholt v. Reed*, 16 Serg. and Rawle, 266, it was held that a judgment against one who had agreed to sell but made no deed, nor received the whole of the purchase money, was a lien upon the vendor's interest, and a pur-

chaser, under a sheriff, of such interest, will stand in the place of the vendor and be entitled to the money due from the purchaser. This in our view is a correct statement of the law, and has been uniformly adhered to by this court. The proportion of unpaid purchase money due upon the lot in question at the time the judgment was recovered, and the lien attached, therefore is due to the plaintiff. As the evidence fails to show the amount due thereon the cause must be remanded for a new trial. The judgment of the district court is reversed and the cause remanded for for further proceedings.

REVERSED AND REMANDED.

THE other judges concur. A motion for rehearing was afterwards filed and rehearing denied.