MARTHA I. COURTNAY, PLAINTIFF IN ERROR, V. C. B. PARKER ET AL., DEFENDANTS IN ERROR.

1. **Judgment:** LIEN. Where judgment is recovered in a district court against a vendor who has sold certain real estate in the same county but has not made a deed therefor, nor received the whole of the purchase money, such judgment is a lien on the vendor's interest in the land.

2. ———: ———. A party purchasing real estate subject to a judgment lien has notice of the extent to which such property may be subjected in satisfying the judgment, and where a vendor had retained the legal title in his own name and afterwards became security for the purchaser for money to enable such purchaser to build a house on such land and received a lien on such house which he failed to record; *Held*, That a purchaser under said judgment acquired all the interest of the vendor, including the lien on said house, the aggregate not to exceed the amount of the judgment lien. That is, he acquires the interest of the judgment debtor in the real estate.

ERROR to the district court for Lancaster county. Tried below before MITCHELL, J.

*O. P. Mason* and *D. G. Courtnay*, for plaintiff in error.

*Lamb, Ricketts & Wilson*, for defendants in error.

MAXWELL, CH. J.

This case was before this court in 1884, and is reported in 16 Neb., 311, the judgment of the district court being

reversed and the cause remanded.   The plaintiff claims a
legal estate in lot 3, block 10, Lavender's addition to Lin-
coln, and that the defendants unlawfully hold possession of
said premises.

The defendants in their answer set up certain equitable
defenses which will be noticed hereafter.

On the trial of the cause a jury was waived and the cause
submitted to the court, which found there was due the
plaintiff upon the lot in question. the sum of $76.85, the
balance of the unpaid purchase money from one Parmenter
to Luke Lavender.

The plaintiff appeals.

On the 19th of July, 1871, Luke Lavender sold to B.
O. Kenable and C. O. Parmenter lots 1, 2, 3, and 4 in
block 10 of Lavender's addition to the city of Lincoln for
the sum of $1,600, $100 being paid at the time the con-
tract was entered into, $500 to be paid on or before August
19th, 1871, $500 on or before February 19th, 1872, and
$500 on or before August 19th, 1872, with interest at ten
per cent on deferred payments.   Upon the failure to make
payments as above, the contract to be void at the option of
Lavender, the amount paid to be held as stipulated dam-
ages for non-performance.

There is a contradiction in the testimony as to whether
the $500 due August 19th, 1871, was paid.   Lavender
testifies that he never received but $100 upon the contract,
while there is other testimony tending to show that he re-
ceived $600 thereon.

The testimony shows that in October, 1872, Parmenter,
being unable to pay for the lots in question, requested one
Joseph W. Hartley to purchase lots 1, 2, and 4, which
he did, and received deeds from Lavender therefor.   The
reason assigned by Parmenter for desiring Hartley to pur-
chase was that "he (Parmenter) could not pay the balance
of the purchase money."

From the testimony of Joseph W. Hartley it appears

that Lavender sold him said lots 1, 2, and 4. Whether Lavender had exercised his option to declare the contract at an end prior to the sale, does not appear. In October, 1871, Parmenter, desiring to borrow some money from one John C. Johnson, sought to obtain a release of lot 3 so that he could mortgage the same to obtain money to erect a house thereon. He stated to Lavender that he had paid $600 on the four lots and it would be safe therefore for him to release lot 3 and hold the other lots for the residue of the purchase money. This Lavender refused to do, but stated that he would sign Parmenter's note as surety for the money. Parmenter thereupon procured a loan from Johnson of $500, for which he gave a note with Lavender as surety. Parmenter then gave Lavender a lien upon the house on said lot 3. This lien was not recorded, and the court below refused to receive it in evidence. The above note Lavender was afterwards compelled to pay.

On the 30th day of January, 1874, Parmenter and wife conveyed to Joseph W. Hartley lot 3 in block 10, Lavender's addition to Lincoln, and on the 30th day of March of that year Hartley and wife conveyed said premises to the the defendants.

On the 4th day of November, 1873, one Henry Atkins recovered a judgment in the district court of Lancaster county against Luke Lavender. Various executions were issued on said judgment, and on the 3d day of November, 1879, said premises were sold to the plaintiff on an execution issued thereon. The sale was thereafter confirmed and a deed made to the plaintiff. It will thus be seen that the plaintiff is entitled to whatever interest in the premises Lavender had at the time the judgment in question became a lien. At the time that Hartley purchased said lot 3, and also at the time that defendants purchased the same, the judgment appears to have been entirely unsatisfied on the records of the district court of Lancaster county. They thus purchased with notice of

the possible liability to which said property might be subjected under said judgment.

Lavender swears positively that he was paid but $100 on the purchase price of lot 3, but that Parmenter paid him $500 for one Kellogg who had bought lots 11 and 12 in the same block. We find no direct denial of this in the testimony.

It is also clearly proved that Lavender paid the note for $500, upon which he was surety, given by Parmenter to Johnson. To what extent, if any, Lavender was authorized to apply the money arising from the sale of lots 1, 2, and 4 upon the original contract does not appear from the testimony; it does appear, however, that Parmenter gave him a lien upon lot 3. This lien was not recorded, and as against a *bona fide* purchaser would be unavailing, but as against one purchasing with notice of a judgment against Lavender, the lienholder is entitled to show all of Lavender's interest in said premises. It is upon this equitable principle that one having contract of sale for certain real estate, where the legal title is in the name of the judgment debtor, is protected, and the land held liable upon the judgment only for the unpaid purchase money. The court erred, therefore, in excluding the lien given by Parmenter to Lavender on lot 3 in block 10, Lavender's addition.

If this lien was one proper to have been enforced by Lavender against Parmenter, and which upon a proper decree and a sale thereunder would have divested his title, it is proper for a court of equity to consider, in marshaling the several amounts to which the plaintiff would be entitled in purchasing the interest of Lavender in said premises. In other words, the lien is an interest, and as Lavender held the legal title, the judgment creditor is subrogated to all his rights in the land.

Whether Lavender had declared the contract for lots 1, 2, and 4 terminated, and the amount paid thereon as forfeited, before he sold said lots to Hartley, does not appear

from the testimony.    The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.