CHARLES W. OLANDER, APPELLEE, V. WILLIAM TIGHE
ET AL., APPELLANTS.

FILED JANUARY 4, 1895.   No. 6255.

Judgments: LIEN ON VENDOR'S INTEREST IN LAND: EXECU-
TIONS. A judgment recovered in the district court against the
vendor of land which is situate in the county in and for which
the court is held, who has not, at the time of the recovery of
the judgment, executed and delivered a deed for the land or re-
ceived all the purchase money, is a lien upon the interest of the
vendor in the land, viz , the unpaid purchase money; and a levy
of an execution issued upon such judgment on the land, and a
sale thereunder will pass to the purchaser the interest of the
vendor.

APPEAL from the district court of Cass county.   Heard
below before CHAPMAN, J.

*Wooley & Gibson*, for appellants, cited: *Filley v. Dun-
can*, 1 Neb., 139; *Dorsey v. Hall*, 7 Neb., 465; *Uhl v.
May*, 5 Neb., 161; *Courtnay v. Parker*, 21 Neb., 582.

*H. D. Travis* and *A. N. Sullivan, contra*, cited: *Webb
v. Wynn*, 35 Ga., 216; *Bank of Cass County v. Morrison,*
17 Neb., 341.

HARRISON, J.

On March 15, 1892, the appellee herein filed a petition
in the district court of Cass county in which he alleged, in
substance, that F. G. Nelson, one of the parties defendant,
prior to the month of May, 1888, held a contract for con-
veyance to him by Eugene L. Reed and Josiah Bellows,
also of defendants, of a certain lot in Riverside addition
to the city of Weeping Water, which lot was at that time
unimproved and worth not to exceed $130; that plaintiff
bought of Nelson an undivided one-half interest in the lot

and they took possession and jointly erected a dwelling house and placed other lasting and valuable improvements thereon, and they and their families occupied the house and premises as their home; that the purchase price of the lot was fully paid on or before September 2, 1889; that afterwards (according to the deed introduced in evidence, this was on June 17, 1890,) J. H. Bellows and Eugene L. Reed executed and delivered a deed for this lot to Nelson and he mortgaged it to a building and loan association to secure a loan of $500; and on June 18, 1890, conveyed the lot to the appellee; that prior to December 4, 1890, and on that date, Eugene L. Reed had no interest or title in or to the lot in controversy ; that on the date last mentioned Francis N. Gibson of defendants, recovered a judgment against Eugene L. Reed in the district court of Cass county for the sum of $5,733 and in January, 1892, caused an execution to be issued out of said court upon said judgment and levied by the sheriff, who was made a party defendant in the case at bar, on the lot owned by Nelson and appellee, and that a sale of the lot under the levy of the writ of execution, is threatened, which will cast a cloud upon plaintiff's title and cause him great and irreparable injury.  The relief asked was that Gibson and the sheriff be restrained and enjoined from making the threatened sale of the property and from interfering or intermeddling with appellee's title to or possession of the lot.  Gibson and the sheriff filed an answer in which they admitted the recovery of the judgment on the date alleged in the petition, the issuance and levying of the writ of execution upon the lot described, and alleged that at the time this action was brought they were proceeding to sell the property for the purpose of applying the proceeds in payment upon the judgment; that at the time of the rendition of the judgment, December 4, 1889, the title to the property was in Eugene L. Reed, and that neither appellee nor Nelson had theretofore paid Reed or Bellows for the property and were not then entitled to a

conveyance of it to them or either of them.   A reply was filed by appellee denying the new matter contained in the answer.   A trial of the issues to the court resulted in a finding in favor of appellee, and a decree granting a perpetual injunction against the enforcement of "the pretended lien of defendant Gibson on lot 1, block 3, Riverside addition to Weeping Water, Nebraska," from which an appeal has been perfected to this court.

The evidence in this case discloses that on the 1st day of May, 1888, F. G. Nelson and the plaintiff purchased the lot described in the pleading of Reed and Bellows, and a contract was then executed by which it was agreed that Nelson and plaintiff would pay for the lot the sum of $125 on September 1, 1889, and when the lot was fully paid for a deed was to be executed and delivered to them by the other parties.   The contract contained further provisions in regard to punctuality in payment of the consideration and forfeiture of all rights under it, in case of default in its conditions, etc.   The plaintiff and Nelson took possession of the lot and built thereon a dwelling house and barn, dug a well, and made other improvements and occupied the premises, each living in his own agreed portion or rooms of the house, and it further appears that Nelson and the plaintiff had agreed as to which half of the lot should finally belong to them respectively.   The plaintiff testifies that he paid one-half the consideration September 1, 1889; but in this connection it further appears that a portion of the purchase price was not paid until June, 1890, when the lot was conveyed to Nelson and by him mortgaged to a building and loan association and then conveyed to the plaintiff.   The judgment in favor of Gibson and against Eugene L. Reed was rendered in the district court of Cass county, December 4, 1889, this being the judgment upon which the execution was issued and which was levied upon the property described in the petition and the enjoining of the further enforcement of which is the relief sought in this action.

Olander v. Tighe.

The contract for sale of the lot was to both parties, the plaintiff and Nelson, and to neither for any particular portion of it, and neither of them by its terms was to pay any allotted share of the purchase price. At the time the judgment was rendered the legal title was in Reed and Bellows and a part of the purchase price was unpaid. The lien of the judgment attached to the interest of the party in whom the legal title rested when it was rendered, such interest being the purchase money which then remained unpaid, and a sale under the execution would pass this interest to the purchaser. See *Courtnay v. Parker*, 16 Neb., 311, in which it was held, in an opinion written by MAXWELL, J.: "Where judgment is recovered against one who has agreed to sell land but made no deed nor received the whole of the purchase money, it is a lien on the vendor's interest in the land, and a purchaser under the judgment is entitled to the money remaining unpaid." For a further opinion in the same cause in which the above rule was reaffirmed, see 21 Neb., 582. In *Reynolds v. Cobb*, 15 Neb., 378, it was held: "A sale of real estate upon execution vests in the purchaser all the rights of the judgment debtor at the time when the lien of the judgment attached to the land." (See, also, *Colt v. Du Bois*, 7 Neb., 391; *Norfolk State Bank v. Murphy*, 40 Neb., 735.) It follows that the decree of the district court must be reversed and the action ordered dismissed.

REVERSED AND DISMISSED.