CAROLINE F. ROBERTS V. CORNELIUS N. ROBINSON ET AL., APPELLEES, IMPLEADED WITH WILLIAM DEERING & COMPANY, APPELLANTS.

FILED NOVEMBER 18, 1896.   No. 6874.

1. **Homestead:** CONVEYANCE TO WIFE: LIEN OF JUDGMENT. A judgment debtor owned and occupied, with his family, sixty acres of land in Webster county of less value than $2,000. He and his wife conveyed this land to one R. for the purpose of having the latter convey the land to the wife of the judgment debtor. This was done. The judgment against the homestead owner was also against R. In a suit to subject said land to the payment of said judgment, *held*, (1) that the motive which influenced the homestead owner in having the title of this land conveyed to his wife was an immaterial inquiry, as the property was not susceptible of a fraudulent alienation; (2) that R. did not own the real estate, but held the legal title in trust for the wife, and that the latter, by the conveyance from R., did not take the land burdened with the judgment.

2. **Acknowledgment:** MISTAKE IN CERTIFICATE. The deed to R. was actually acknowledged in Nuckolls county, before a notary public thereof, but by mistake he certified that he was a notary public of

Webster county, where the deed was recorded. *Held*, (1) That the rights of the judgment creditor were not affected by this mistake of the notary public; (2) that the deed having been actually signed, acknowledged, and delivered, conveyed the legal title to R.

3. **Lien of Judgment.** Where the legal title to real estate is in the name of the judgment debtor, nevertheless the lien of a judgment against him attaches only to the actual interest which he has in the real estate.

4. **Judicial Sales:** POWER OF COURT TO VACATE. If there has been fraud or unfairness, irregularity, or disregard of the statute in making a judicial sale, the district court is invested with the discretion to set such sale aside.

5. ——: ——. But when such sale has been fairly conducted and made, when all the provisions of the statute have been complied with, when the property has been sold for two-thirds of its appraised value, and the sale has been duly reported to the court and no objections are interposed to its confirmation, the district court has not the discretion to arbitrarily set such sale aside, but should confirm it.

APPEAL from the district court of Webster county. Heard below before BEALL, J.

*Capps & Stevens* and *Lewis C. Spooner*, for appellants.

*J. S. Gilham, contra.*

RAGAN, C.

In a justice court of Webster county William Deering & Co., in February, 1888, recovered a judgment against C. N., J. Q., and A. L. Robinson. A transcript of this judgment was at once filed and docketed in the office of the clerk of the district court of said county. In November, 1888, C. N. Robinson and his wife, Mary, conveyed by warranty deed a tract of land in Webster county to the said A. L. Robinson. In December, 1888, A. L. Robinson conveyed this real estate to the said Mary A. Robinson. Something like a year after this last conveyance C. N. Robinson and wife removed to the state of Missouri, it seems, with the intention of making that their future home; and while there, in September, 1891, sold and conveyed the real estate mentioned above to

one W. B. Guthrie, who took possession of the same. While C. N. Robinson owned the real estate he mortgaged it to one Roberts, and the latter brought this suit in the district court of Webster county to foreclose the mortgage. C. N. Robinson and his wife, Mary, W. B. Guthrie, the owner of the equity of redemption, and William Deering & Co. were made parties defendant. Service was obtained upon Deering & Co. by publication, and they having failed to appear, their default was entered and a decree of foreclosure rendered as prayed. In due time the land was sold by the sheriff and purchased by Deering & Co. and the sale reported to the court. After this was done Deering & Co. made application to the court to set aside the default entered against them, alleging *inter alia* that their said judgment against the Robinsons was a lien upon this land, subject only to the lien of the mortgage foreclosed. The court seems to have vacated the default. Pleadings were filed and the issue made up and tried as to whether the judgment of Deering & Co. was or had ever been a lien upon the real estate. The court found and decreed that the judgment of Deering & Co. was not a lien, and had never been a lien upon the real estate involved in the foreclosure suit. Upon the court's decreeing that Deering & Co. had no lien upon the real estate, they moved the court to confirm the sale of the real estate made to them by the sheriff. This the court overruled and upon its own motion set aside the sale. Deering & Co. have appealed from the decree of the court denying them a lien upon the real estate and from the order setting aside the sale.

1. The evidence shows without contradiction that the tract of land owned by C. N. Robinson in 1888, when the judgment of Deering & Co. was rendered, consisted of about sixty acres, was of less value than $2,000, and was then occupied by himself and wife as a homestead; that in November, 1888, Robinson and his wife conveyed the land to A. L. Robinson for the sole purpose of having the latter convey it to Mary Robinson, the wife of C. N.,

and that in December, 1888, A. L. Robinson did convey the title to C. N.'s wife. Since this real estate was the homestead of C. N. Robinson and his wife, the judgment of Deering & Co. was not a lien upon it. The land, being a homestead, was exempt from sale on execution, and while the judgment of Deering & Co. was an apparent lien, the homestead was not liable to be taken and sold to satisfy it. It is immaterial what the motive of C. N. Robinson was in having the title to this land vested in his wife, as that motive could not affect the conveyance. Being a homestead, it was not susceptible of fraudulent alienation (*Schribar v. Platt*, 19 Neb., 625); and C. N. Robinson and wife might sell and convey or give this homestead to whom they pleased, and no creditor of either one of them could complain of it.

But it is insisted that C. N. Robinson and wife removed to the state of Missouri after the title to the real estate was vested in the wife, with the intention of making their home in that state, and that such removal was an abandonment of the homestead, and that the land at once became liable for the judgment of Deering & Co. The fallacy of this argument is that the real estate was then the property of Mrs. Robinson, and Deering & Co. had no judgment against her and her property was not liable for her husband's debt.

Another argument is that the judgment of Deering & Co. was also against A. L. Robinson, and as the legal title to this land was conveyed to him on the 24th day of November, 1888, that the judgment from that instant became a lien upon it; that it was not A. L. Robinson's homestead, and that Mrs. Robinson, by the subsequent conveyance from A. L. Robinson, took the legal title to the land incumbered with the lien of the Deering judgment. But A. L. Robinson was a trustee for Mrs. Robinson. The legal title to the land was conveyed to him for the express purpose of having him convey it to Mrs. Robinson. A. L. Robinson had, to be sure, the legal title for a few days, but he was not the owner of the land.

During all the time that A. L. Robinson held the legal title, C. N. Robinson and wife were in possession. By section 477 of the Code of Civil Procedure a judgment is made a lien upon the land of the judgment debtor; that is, the land owned by him. True enough, if the record shows the legal title to land to be in the debtor, the judgment is an apparent lien upon that land, but the fact that the record shows the legal title to land to be in a debtor is not conclusive evidence that the debtor actually owns the real estate. The rule is that where the legal title to real estate is in the name of the judgment debtor, nevertheless the lien of the judgment against him attaches only to the actual interest which he has in the real estate. (*Uhl v. May*, 5 Neb., 157; *Metz v. State Bank of Brownville*, 7 Neb., 165; *Galway v. Malchow*, 7 Neb., 285; *Dorsey v. Hall*, 7 Neb., 460; *Mansfield v. Gregory*, 8 Neb., 432; *Berkley v. Lamb*, 8 Neb., 392; *Harral v. Gray*, 10 Neb., 186; *Dewey v. Walton*, 31 Neb., 819; *Mundt v. Hagedorn*, 49 Neb., 409.) The title conveyed to Mrs. Robinson by A. L. Robinson was not, therefore, subject to the judgment of Deering & Co. The deed made by C. N. Robinson and wife to A. L. Robinson was executed and acknowledged in Nuckolls county, Nebraska, before a notary public of that county. The certificate to this acknowledgment was as follows: "State of Nebraska, Webster County, ss. On this 24th day of November, A. D. 1888, before me, Gilbert Mott, a notary public duly commissioned and qualified for and residing in said county, personally appeared," etc. It seems that writing "Webster" county instead of "Nuckolls" in the notary's certificate was a mistake, and it is now argued that the court erred in considering this deed as evidence, because the notary public did not live in Webster county, as he certified. The evidence is uncontradicted that C. N. Robinson and wife actually executed and delivered this deed and actually acknowledged it before Mott in Nuckolls county, and that he was then and there a notary public of said county. This deed, then, conveyed the legal title of these lands to A. L. Rob-

50

inson.   The mistake in the certificate may have been such
as not to entitle the deed to record, but the title which
A. L. Robinson took to these lands or the validity of the
conveyance made in no manner depended upon whether
the deed was recorded.   It was signed, witnessed, ac-
knowledged, and delivered.   This was all the grantors
were required to do to vest a legal title to the real estate
in their grantee.   The object of recording a deed is to
perpetuate it as evidence.   Since the real estate was a
homestead, the conveyance, to be valid, was obliged to be
acknowledged by both husband and wife, and it was, and
was therefore valid.   The appellants' rights were not
affected by this mistake of the notary public in the least,
as it could not possibly make any difference to them
whether the deed was ever recorded.   The court did not
err in considering the deed as evidence in the case, and its
decree denying the appellants a lien upon the land in
question is affirmed.

2. The sale made of this land was regular in all respects.
It was made in conformity to all the provisions of the
statute.   The appellants' bid for the property was more
than two-thirds of its appraised value, and no one moved
to set aside the sale or objected to its confirmation.   We
are wholly unable to understand for what reason the dis-
trict court vacated the sale.   Of course, if there has been
any fraud or unfairness, irregularity, or disregard of the
statute in making a sale, doubtless the court is invested
with the authority to set it aside; but when a sale has
been fairly conducted and made, when all the provisions
of the statute have been complied with, when the prop-
erty has been sold for two-thirds of its appraised value,
when the sale has been duly reported to the court and
when no objections are interposed to its confirmation,
the district court has not the discretion to arbitrarily set
the sale aside, but should confirm it.   The decree of the
court setting aside the sale is reversed.   This cause is
remanded, with instructions to the district court to con-
firm the sale made of the real estate in question to the ap-

pellants on the 13th day of May, 1893; to order the sheriff of said county to execute to the appellants a deed of conveyance therefor; to enter an order that the sheriff of said county, out of the proceeds of said sale, shall pay (1) the costs of the foreclosure suit and this proceeding; (2) to the plaintiff in the foreclosure suit the amount of his decree and interest; and (3) the surplus to be paid to W. B. Guthrie, the owner of the equity of redemption of said real estate.

DECREE ACCORDINGLY.