PASSUMPSIC SAVINGS BANK, APPELLEE, V. JOHN C. MAULICK ET AL., APPELLANTS.

FILED SEPTEMBER 19, 1900.    No. 9,278.

1. Foreclosure of Real Estate Mortgage: AUTHORITY OF SHERIFF TO SELL: DECREE: ORDER. In an action to foreclose a real estate mortgage the sheriff's authority to sell the mortgaged property is derived from the decree of foreclosure and not from the order of sale issued by the clerk of the court.

2. Judicial Sale: RATIFICATION. It is ordinarily the duty of a court, where a judicial sale is made in conformity with its decree, to ratify such sale.

3. Defective Process: SEAL OF COURT. A process, defective for want of the seal of the court out of which it issued, may be cured by amendment.

4. Authority of Deputy Sheriff. A deputy sheriff may perform, for his principal, any act necessary to be done to carry into effect a decree for the sale of property.

APPEAL from the district court of Custer county. Heard below before GREENE, J. *Affirmed.*

*C. L. Gutterson,* for appellants.

*Kirkpatrick Bros., contra.*

SULLIVAN, J.

This is an appeal from an order of the district court confirming a sale of real estate made by the sheriff of Custer county in execution of a decree of foreclosure. A reversal is claimed upon two grounds. The order of sale was not issued under the seal of the court, and it is insisted that it was therefore void and did not confer upon the sheriff power to advertise and sell the mortgaged property. Conceding this position to be sound, it does not follow that the order of confirmation should be set aside. The sheriff's authority was not derived from the order of sale, but from the decree. If the sale was made in pursuance of the decree, it was the duty of the court

to ratify it regardless of irregularities in the process issued by the clerk. The issuance of the order of sale was unnecessary and the infirmity in question was without prejudice to the rights of the appellant. *Rector v. Rotton*, 3 Nebr., 171; *Fried v. Stone*, 14 Nebr., 398; *Johnson v. Colby*, 52 Nebr., 327; *Amoskeag Savings Bank v. Robbins*, 53 Nebr., 776; *Jarrett v. Hoover*, 54 Nebr., 65; *Bristol Savings Bank v. Field*, 57 Nebr., 670. In the first point of the syllabus to *Johnson v. Colby, supra*, it is said: "A decree of foreclosure is sufficient authority in itself for its execution. No order of sale need issue, and if one be issued, a sale made thereunder will not be set aside for formal defects in the order, or for failure of the officer to follow entirely the command of the order, provided he follow the law and the decree." It may be further remarked that the defect in the process was entirely cured by the amendment of it after the sale had been made. *Taylor v. Courtnay*, 15 Nebr., 190.

The second objection to the confirmation is that the record is contradictory as to whether the sheriff or his deputy acted in making the appraisement of the property described in the decree. We think it is of no consequence which of them acted. Either was authorized to do any act necessary to be done in carrying the decree into execution. *Nebraska Loan & Building Ass'n v. Marshall*, 51 Nebr., 534; *Maginn v. Pickard*, 57 Nebr., 642.

The order of confirmation is

                                    AFFIRMED.