JOHN A. DOE, APPELLANT, v. SAMUEL STARTZER, SHERIFF, ET AL., APPELLEES.

FILED OCTOBER 16, 1901.   No. 10,405.

Commissioner's opinion, Department No. 2.

1. A Judgment of District Court, Except by Confession, Is a Lien on Land from First Day of Term. A judgment of the district court in an action commenced before the term at which it was rendered, except it be a judgment by confession, is a lien upon the lands of the judgment debtor within the county from the first day of the term, no matter on what day of the term it was actually pronounced.

2. A Judgment Against the Vendor of Real Estate, Is a Lien on His Interest in Land. Where a judgment is recovered in the district court against the vendor of real estate in the same county, who has not made a deed for such real estate, nor received the whole of the purchase money therefor, such judgment is a lien on whatever interest the vendor had in the land at the time the lien attached.

APPEAL from the district court for Sarpy county. Heard below before KEYSOR, J. Affirmed.

Gregory, Day & Day and J. H. Van Dusen, for appellant.

H. C. Lefler and John F. Stout, contra.

OLDHAM, C.

This is an action in which the plaintiff seeks to restrain the defendants from selling certain real estate situated in Sarpy county, Nebraska, under an execution issued out of the district court of Sarpy county, Nebraska, to satisfy a judgment in favor of defendant Davidson's intestate and against one Charles W. Key. The judgment was rendered on the 1st day of July, 1896, at the February term of the said court, which term convened on the 24th day of February, 1896. The action on which judgment was rendered was instituted on the 23d day of August, 1895. Plaintiff, as his ground of action, alleges that he purchased the real estate in controversy from Charles W. Key on the 14th day of December, 1895, for the sum of $12,000 and made a payment of $2,000 on the purchase on that day; that he paid $2,000 on this purchase on or about the first day of February, 1896, and that he continued to make payments on such purchase until the delivery of the deed on the 6th day of April, 1896, at which time full payment was made. Defendants answered, denying the allegation that there was any sale of the land in good faith to the plaintiff by Charles W. Key or that any payments had ever been made by the plaintiff, and alleging that the pretended sale of the premises was a sham and a fraud, made without any consideration and for the purpose of hindering and delaying defendant Davidson's intestate in the collection of his debt against Charles W. Key. On issues thus joined the court below found for the defendants and dismissed plaintiff's petition, and plaintiff appeals.

An examination of the pleadings and the transcript shows that the term of court at which judgment was rendered in favor of plaintiff's intestate was begun on the 24th day of February, 1896; that the pretended deed was not delivered to the plaintiff until the 6th day of April, 1896. It also appears from the plaintiff's petition that final payment of the alleged contract of purchase of the premises in dispute was not fully made until the delivery

of the deed and not until after the beginning of the term of court at which judgment was rendered.

An examination of the testimony contained in the bill of exceptions reveals such manifest proof of the absolute *mala fides* in the transaction between the plaintiff and Charles W. Key in the alleged sale and purchase of the property in dispute that, if the judgment of the trial court had rested on this finding alone, it would be fully sustained by the testimony.

This court has held, in the case of *Norfolk State Bank v. Murphy*, 40 Nebr., 735, that a judgment of the district court in an action commenced before the term at which it was rendered, except it be a judgment by confession, is a lien upon the lands of the judgment debtor within the county from the first day of the term, no matter on what day of the term it was actually pronounced. An examination of the record of the judgment sought to be enjoined shows that the action on which it was rendered was begun long before the first day of the February term of the district court, and that judgment was contested and not confessed by the defendant. Consequently this judgment became a lien on all the interest that the defendant had in the lands in Sarpy county on the 24th day of February, 1896. The deed to plaintiff was not executed and delivered until the 6th day of April, 1896, nor was final payment made of the purchase price of said lands until said date, as appears from the allegations of plaintiff's petition. This court has held that where a judgment is recovered in the district court against the vendor of real estate in the same county, who has not made a deed for such real estate nor received the whole of the purchase money therefor, such judgment is a lien on whatever interest the vendor had in the land at the time the lien attached. *Courtnay v. Parker*, 21 Nebr., 582.

It therefore follows that the judgment in the case at bar was a lien on whatever interest Charles W. Key held in these lands on the 24th day of February, 1896, and that the action of the trial court in refusing to enjoin an exe-

cution and sale under this judgment was fully warranted, and it is therefore recommended that the judgment of the district court be affirmed.

SEDGWICK and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.