-EDMUND C. STRODE ET AL., APPELLEES, V. JOSEPH S. HOAG-
LAND ET AL., APPELLANTS.

FILED 'MAY 3, 1906.  No. 14,247.

Judicial Sale: SETTING ASIDE. The district courts of this state are
    vested with discretion to set aside a judicial sale, if there has
    been fraud or unfairness on the part of any person prejudicial to
    the rights of a party to the suit.

APPEAL from the district court for Logan county:
HANSON M. GRIMES, JUDGE. *Affirmed.*

*W. V. Hoagland,* for appellants.

*Wilcox & Halligan, J. E. Morrison* and *E. C. Strode,*
*contra.*

EPPERSON, C.

This is an appeal from an order of the district court for
Logan county setting aside a judicial sale in a proceeding
foreclosing a real estate mortgage. The mortgage in con-
troversy was given by Joseph S. Hoagland and wife, who
have continuously owned the equity of redemption. On
the day preceding the sale the defendants filed objections
to the appraisement for the the reasons that the action
had abated, that the appraisers were not resident free-
holders of the county, that the lands were appraised so far
below their real value as to make said appraisement fraud-
ulent, that a copy of the appraisement had not been filed
in the office of the clerk of the court prior to the advertise-
ment, and that the appraisement was not made upon
actual view by the appraisers. At the sale the defendant's
daughter-in-law was the sole bidder. She bid $670, the·
land having been appraised at $1,000. The executors of the
estate of Martha E. Stuart, who had died since the suit
was instituted, filed objections to the confirmation of the
sale for many reasons; among them are the following:

That before the sale the attorney for the defendant had filed with the clerk objections to the appraisement, which motion the executors confessed; that after the objections had been filed by the defendants their attorney bid on said property in the name of his wife, and that no greater bid was made for the reason that the objections were on file. The executors do not rely upon the other objections alleged in their motion, and it is unnecessary to refer to them here. Before the filing of these objections by the executors, the defendants had withdrawn their objections to the appraisement.

The only question to be considered is whether or not the conduct of the defendants and their daughter-in-law was unfair and prejudicial to the plaintiffs to such an extent as would justify the district court, exercising sound legal discretion in setting aside the sale. That the appellant and the defendants were acting in unison there can be no doubt. The defendants employed their son as attorney in the action. Acting for them he filed objections to the sale, thereby preparing for further litigation and delay. On the day of sale, as attorney for his wife, he bid upon the property; and afterwards as attorney for the defendants, withdrew the objections previously filed. His wife then was the successful bidder, and for a sum defendants had previously alleged was so far below the real value of the property as to amount to fraud. "It is ordinarily the duty of a court, where a judicial sale is made in conformity with its decree, to ratify such sale." *Passumpsic Savings Bank v. Maulick,* 60 Neb. 469. But when one party indulges in unfair or fraudulent conduct to the prejudice of an adverse party, the trial court is vested with a discretion to set aside the sale. In the case of *Roberts v. Robinson,* 49 Neb. 717, it was held: "If there has been fraud or unfairness, irregularity, or disregard of the statute in making a judicial sale, the district court is invested with the discretion to set such sale aside." The fraud or unfairness necessary to avoid a sale is not limited to the wrongs of the officers conducting the sale, but whenever any person

does some act manifestly unfair and prejudicial, which would become effective upon confirmation of the sale, the court should intervene to prevent the consummation of the wrong.

The evidence in this case shows that one other person was disposed to bid at this sale, but having learned that objections were filed, and fearing protracted litigation, refrained from bidding. But even in the absence of evidence of this nature it is reasonable to presume that the filing of such objections will result in discouraging bidders, and a sale thus made may be set aside on the motion of the party aggrieved. The unfairness in this case is obvious. The defendants and those acting for and with them discredited the proceedings by filing objections to the appraisement, thereby threatening to litigate the rights of the purchaser. It is not even claimed that the objections were filed in good faith. The evidence of defendant's attorney as to his reasons for this conduct was that he filed their objections "with the object of raising all possible objections that might be raised in court before confirmation if facts should develop." It was his business to know the facts and not to object unless justified. Defendants depreciated the value of the land by their improper conduct, making it possible to purchase at the depreciation they caused, and their daughter-in-law cannot now claim to be a fair purchaser. Such conduct would vitiate a contract, and therefore fairly brings this case within the exeception to the rule announced in *Nebraska L. & T. Co. v. Hamer*, 40 Neb. 281, which provided: "Until a bid is accepted it is a mere proposal and may be withdrawn by the bidder. After acceptance it becomes a binding contract and cannot be withdrawn or changed except under such circumstances as would justify the rescission or reformation of other contracts."

But appellant argues, in effect, that plaintiffs were not prejudiced because they might have appeared at the sale and protected their rights by bidding a greater amount. The plaintiff's were executors of the mortgagee's estate.

They were justified in submitting to the defendants' motion to set aside the appraisement because of its extremely low and fraudulent valuation. They waived no rights by their failure to bid.

The record of the trial court shows no abuse of discretion, and we recommend that the judgment be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.

LETTON, J., dissenting.

There is no competent evidence in the record to show that the appellees were damaged, or that the land was worth more than it was sold for, or that it would bring more upon a resale.