GERALDINE HALSTED, APPELLEE, v. LAWRENCE HALSTED, APPELLANT.

99 N. W. 2d 384

Filed November 20, 1959. No. 34683.

*Baskins & Baskins,* for appellant.

*Sam S. Diedrichs,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an application to obtain the release of the lien of a child-support judgment on certain real estate described in the application. The trial court denied the prayer of the application and the applicant has appealed.

The evidence shows that Lawrence Halsted was granted a divorce from Geraldine Halsted on July 28, 1943. The decree directed the payment of $10 a month by Lawrence Halsted for the support of David Henry Halsted, a 1-year-old child of the parties whose custody was granted to Geraldine Halsted. An amount in excess of $1,100 remains due and unpaid on this support judgment which appears as a judgment lien on the real estate described in the application.

The evidence shows that the real estate consisted of a house and lot in Hershey, Nebraska, which was owned by the parents of Lawrence Halsted prior to 1947. They occupied the property as a residence until their deaths in 1954. On September 5, 1947, the parents of Lawrence Halsted conveyed the property to him by warranty deed without any restriction therein for a consideration of $1 and other valuable consideration.

Lawrence Halsted is the only witness who testified at the trial. His testimony was that after some discussion of the matter his parents deeded the property to him with the oral understanding that the parents were to live in the property until their deaths and keep the taxes paid up thereon, and after their deaths the property was to be sold and the proceeds used in payment of the parents' debts, expenses of last sickness, funeral expenses, and the cost of grave markers. His testimony is that pursuant to this understanding he sold the property for $1,500 by contract of sale on November 27, 1954, and that all of the sale price has been paid except $217.34. He testified that he has paid taxes on the property in the amount of $231.83 and expenses of last illness and funeral costs in the amount of $953.24. He estimated abstract and legal expenses in transferring the property at $50 and the cost of grave markers at $300. The total amount of these expenses is $1,535.07, an amount obviously in excess of the sale price of the property.

The evidence shows that the parents of Lawrence Halsted were the owners of no other property at the time of their deaths except some used furniture of little value. The record does show that the parents deeded a lot, on which the father's shop was located, to their other son, which Lawrence Halsted testified was for the brother's share. The only evidence of value of this property is the testimony of Lawrence Halsted that it had an assessed valuation for tax purposes of $300.

It is the contention of the applicant that the lien of a judgment attaches only to the actual interest of the judgment debtor in the land and that the lien is therefore subject to the equitable interests arising out of the parol restrictions made contemporaneously with the conveyance to Lawrence Halsted.

It appears to be well settled in this state that a judgment lien on real estate in the name of the judgment debtor is a lien only on the actual interest of the judg-

ment debtor and is subject to all existing equities whether of record or not. Knaak v. Brown, 115 Neb. 260, 212 N. W. 431, 51 A. L. R. 237; Roberts v. Robinson, 49 Neb. 717, 68 N. W. 1035, 59 Am. S. R. 567.

It is well established that the burden of proof is upon one seeking to establish and enforce either a resulting or constructive trust to prove the same by a preponderance of evidence which is clear, satisfactory, and convincing in character. Giacomini v. Giacomini, 163 Neb. 798, 81 N. W. 2d 194; Peterson v. Massey, 155 Neb. 829, 53 N. W. 2d 912; Holbein v. Holbein, 149 Neb. 281, 30 N. W. 2d 899. The burden of proof is no different in establishing an express oral trust.

An oral agreement purporting to establish an express trust in real estate is within the statute of frauds. § 36-103, R. R. S. 1943. Where such a contract has been established by evidence which is clear, satisfactory, and convincing in character, and it has been partly performed, it will be enforced by a court of equity. Campbell v. Kewanee Finance Co., 133 Neb. 887, 277 N. W. 593. Before a court of equity will enforce an oral agreement within the statute of frauds because of part performance, the acts alleged to constitute part performance must unequivocally indicate the existence of the contract. Crnkovich v. Crnkovich, 144 Neb. 904, 15 N. W. 2d 66. Where the evidence of part performance is as consistent with another relationship as with that of a trust, a trust will not ordinarily be found to exist. Olsen v. Best, 167 Neb. 198, 92 N. W. 2d 531; O'Connor v. Burns, Potter & Co., 151 Neb. 9, 36 N. W. 2d 507.

In the instant case the oral arrangement testified to by Lawrence Halsted purported to create a trust in the real estate for the benefit of third persons, with Lawrence Halsted as trustee. It is asserted that as Lawrence Halsted sold the property after the deaths of his parents and proceeded to pay medical and funeral ex-

penses, it indicates such a part performance that a court of equity is required to enforce it.

But the evidence is as consistent with an absolute conveyance of the property to Lawrence Halsted and a promise by him to pay the hospital, medical, and funeral expenses of his parents as a consideration therefor. The testimony of Lawrence Halsted of his acts which are asserted as part performance do not unequivocally establish that he took the title to the property as trustee and it follows that it is insufficient to establish part performance adequate to relieve against the operation of the statute of frauds. Part performance must be such as is referable solely to the contract sought to be enforced. Smith v. Kinsey, 148 Neb. 786, 28 N. W. 2d 588. The statute of frauds would be reduced to a mere shell if a party to such an agreement could await the death of his parents and by his own evidence, incapable of being disputed, create the interest taken by the unrestricted warranty deed which suited his best interests. The very purpose of the statute of frauds is to protect against any such result.

While it is true that only the actual interest of a titleholder of real estate may be subject to the satisfaction of a judgment lien, the rights of others therein must be established by the quantity and quality of proof which the law requires. The courts of this state have been reluctant to ingraft a trust by parol on the legal title to real estate and they have consistently refused to do so except where the terms of the parol agreement and the part performance required to permit a court of equity to enforce it have been established by a preponderance of the evidence which is clear, convincing, and satisfactory. While the evidence of Lawrence Halsted stands uncontradicted, the evidence of part performance is as consistent with other relationships as it is with that of a trust. Such evidence of part performance is not sufficient to remove the bar of the statute of frauds.

The necessity for adhering to the foregoing rules is

well stated in Dailey v. Kinsler, 31 Neb. 340, 47 N. W. 1045, wherein we said: "This has been the rule in this state for nearly twenty years, and if changed it should be by statute. No doubt there are cases where the justice of the matter creates a strong desire to allow parol testimony to be given to establish the trust. The law, however, gives security to titles, prevents fraud and perjury in the assertion of alleged trusts, and conduces to the general welfare. It is not to be supposed that a party will make an absolute conveyance of real estate where he still retains an interest therein, without that interest being stated in writing. The law, at least, requires it to be so stated, and it is the duty of the court so to declare."

The competent evidence in the record is insufficient under the statute of frauds to show that Lawrence Halsted was a trustee of the property conveyed to him by warranty deed, absolute on its face. The trial court arrived at the same conclusion. The decree of the trial court is in all respects correct and the judgment is affirmed.

AFFIRMED.