LARRY K. MONROE ET AL., APPELLEES, V. LINCOLN CITY EMPLOYEES CREDIT UNION, APPELLANT.

279 N. W. 2d 866

Filed June 12, 1979. No. 42253.

James A. Cada of Bailey, Polsky, Huff, Cada & Todd, for appellant.

Baylor, Evnen, Baylor, Curtiss & Grimit, for appellees.

Heard before BOSLAUGH, MCCOWN, CLINTON, and WHITE, JJ., and TESAR, District Judge.

WHITE, J.

This is an appeal from a declaratory judgment determining the rights and interests of the parties in

certain real estate. A single question is presented: Does a judgment against the vendor of real estate, obtained subsequent to the making of an executory contract for sale of the land but prior to execution of the deed, operate as a lien on the land?

The case was tried on a stipulated set of facts. The plaintiffs, Monroe and Barton, contracted on June 29, 1977, with Rocky Olson and Susan Olson (not parties to this action) for the purchase of property located at 1526 Pawnee, Lincoln, Lancaster County, Nebraska. On July 7, 1977, Lincoln City Employees Credit Union, defendant in this action, filed suit against the Olsons in the municipal court of Lancaster County, and on July 29 following obtained a default judgment in the amount of $3,679.02, together with costs. On August 1, 1977, a transcript of the judgment was filed with the clerk of the District Court for Lancaster County, Nebraska. On or about August 8, 1977, the judgment-debtors, Susan and Rocky Olson, executed a warranty deed transferring the property to the plaintiffs, Monroe and Barton. Defendant, Lincoln City Employees Credit Union, claims a lien on the real estate.

At trial, the court held: "The question presented in this litigation is whether the transcribed judgment is a lien against the subject real estate under Section 25-1504." That section provides as follows: "The lands and tenements of the debtor within the county where the judgment is entered, shall be bound for the satisfaction thereof only from the day on which such judgments are rendered." The same rule applies when the transcript from the municipal or county court is transcribed to the District Court. §§ 26-122 and 24-539, R. R. S. 1943. The judgment becomes a lien on real estate owned by the debtor within that county.

The plaintiffs contend, and the trial court held, that at the time the judgment was filed in the District Court, the Olsons' interest had been equitably

converted into personalty under the holding in Buford v. Dahlke, 158 Neb. 39, 62 N. W. 2d 252, and therefore the judgment did not become a lien against the realty.

The trial court's reliance on Buford v. Dahlke, *supra*, is misplaced. That case involved a controversy between the surviving spouse of Ernest R. Dahlke and the administrator of his estate over the proceeds of a certain contract for the sale of real estate owned by husband and wife as joint tenants. The spouse claimed she was entitled to all remaining payments under the contract by reason of her right of survivorship in the realty. This court rejected that claim, holding that the contract to convey equitably converted the interest of the Dahlkes from realty to personalty and severed the joint tenancy. The administrator of the estate was therefore entitled to half the proceeds. This court, Boslaugh, J., said: "* * * if the owner of real estate enters into a contract of sale whereby the purchaser agrees to buy and the owner agrees to sell it and the vendor retains the legal title until the purchase money or some part of it is paid, the ownership of the real estate as such passes to and vests in the purchaser, and that from the date of the contract the vendor holds the legal title as security for a debt as trustee for the purchaser. The interest or estate acquired by the vendee is land and the rights conferred by the contract upon and vested in the vendor are personal property." That rule has also been applied in risk of loss cases. See McGinley v. Forrest, 107 Neb. 309, 186 N. W. 74. But the doctrine of equitable conversion does not apply for all purposes and in every situation where there is a contract for the purchase of land.

Equitable conversion is merely "a name given to results reached on other grounds, not a fact from which we may reason for all purposes and with respect to the rights of all parties." Pound, The Prog-

ress of the Law, 33 Harvard L. Rev., p. 813, at p. 832. The present case presents a situation where the doctrine is clearly inapplicable. The general rule, where there is an executory contract for the sale of real estate and an intervening judgment lien prior to the execution and delivery of a deed, is set forth in 87 A. L. R. 1506: "Specifically, apart from contrary statutory provisions, the lien of a judgment or attachment against the vendor in an executory contract does not attach to any interest in excess of the real interest of the vendor as of the time of the judgment * * *." Cited thereunder are a number of Nebraska cases including Courtnay v. Parker, 16 Neb. 311, 20 N. W. 120; Doe v. Startzer, 62 Neb. 718, 87 N. W. 535. The rule as set forth in syllabus No. 2 of Doe v. Startzer, *supra*, is as follows: "Where a judgment is recovered in the district court against the vendor of real estate in the same county, who has not made a deed for such real estate, nor received the whole of the purchase money therefor, such judgment is a lien on whatever interest the vendor had in the land at the time the lien attached." Also, as said in Courtnay v. Parker, *supra*, where a judgment is recovered in the District Court against a vendor who has sold certain real estate in the same county but has not made a deed therefor nor received the whole of the purchase money, such judgment is a lien on the vendor's interest in the land. Neither of these cases was cited in the briefs of the parties. They have never been modified or overruled and remain the law of the State of Nebraska. Other cases cited by the parties relating to specific enforceability of the contract and related issues are inapposite.

We do not know from the record the interest, if any, of the vendor in the real estate at the time the judgment was transcribed to the District Court. The judgment must be reversed and the cause remanded to the District Court for proceedings

706

in conformity with this opinion.

REVERSED AND REMANDED.

TESAR, District Judge, not participating in the decision.