SCOULAR GRAIN COMPANY, A NEBRASKA CORPORATION,
APPELLEE, V. PIONEER VALLEY SAVINGS BANK, AN IOWA
CORPORATION, APPELLANT, AND JAMES L. WAGNER, SHERIFF,
APPELLEE.

447 N.W.2d 38

Filed October 20, 1989.    No. 89-100.

Mohummed Sadden for appellant.

Frederick S. Cassman, of Abrahams, Kaslow & Cassman, for appellee Scoular Grain Company.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Defendant-appellant, Pioneer Valley Savings Bank, challenges the district court's issuance of an injunction as sought by the plaintiff-appellee, Scoular Grain Company, in this declaratory judgment action. The injunction prevents Pioneer from proceeding with an execution sale of certain real estate in which both Pioneer and Scoular claim interests. Pioneer's operative assignments of error merge to claim that the district court's judgment is legally erroneous. We affirm.

The record reveals the relevant stipulated facts to be that on August 31, 1987, Eugene M. O'Neill and Scoular entered into a written agreement under the terms of which O'Neill undertook to sell and Scoular undertook to purchase certain real and personal property located in South Sioux City, Dakota County, Nebraska, for a total of $900,000. The agreement recites that the sale was for the purpose of enabling O'Neill to "make appropriate provisions for satisfaction or treatment of all valid

interests of the Internal Revenue Service . . . ."

The agreement was never recorded, but on January 8, 1988, a memorandum calling attention to its existence and identifying the properties involved was filed with the Dakota County register of deeds.

The record further reveals that Scoular had occupied at least part of the real estate and possessed at least some of the personal property under the terms of certain leases it had made with O'Neill in 1979 and 1984, the first of which was recorded with the Dakota County register of deeds, but the second of which was not recorded. In mid-1984, O'Neill assigned the percentage rents due him under said leases to Pioneer, as security for his then indebtedness to Pioneer. This document was recorded with the Dakota County register of deeds. On September 3, 1987, O'Neill's attorney wrote a letter informing Pioneer that O'Neill was in the process of selling his properties and requesting documentation as to Pioneer's interests.

On September 29, 1987, Pioneer recovered a judgment against O'Neill in the district court for Dakota County in the sum of $21,740.28 and interest. On an undisclosed date, Pioneer issued a writ of execution upon the subject real estate, under which an execution sale was scheduled to be held on February 3, 1988.

On January 21, 1988, an escrow agreement was executed between Scoular, as buyer, O'Neill, as seller, and Security Land Title Company, as escrow agent, whereby the transaction was closed, and Scoular made payment of the entire purchase price, which was deposited with the escrow agent to be disbursed to satisfy various mortgage liens, federal tax liens, real estate taxes, and special assessments against the property. The warranty deed conveying title to the property from O'Neill to Scoular was recorded on January 25, 1988, in the office of the register of deeds of Dakota County.

This court last addressed the issue presented by this appeal but a decade ago in *Monroe v. Lincoln City Employees Credit Union*, 203 Neb. 702, 279 N.W.2d 866 (1979). There, applying law announced earlier in *Doe v. Startzer*, 62 Neb. 718, 87 N.W. 535 (1901), and *Courtnay v. Parker*, 16 Neb. 311, 20 N.W. 120 (1884), *on appeal after remand* 21 Neb. 582, 33 N.W. 262

(1887), we restated the rule that a judgment recovered against one who has agreed to sell land but has made no deed nor received the whole of the purchase money constitutes a lien on the seller's interest in the land. And as noted in *Halsted v. Halsted*, 169 Neb. 325, 327-28, 99 N.W.2d 384, 386 (1959), "[A] judgment lien on real estate in the name of the judgment debtor is a lien only on the actual interest of the judgment debtor and is subject to all existing equities whether of record or not." See, also, *Knaak v. Brown*, 115 Neb. 260, 212 N.W. 431 (1927).

Applying the principles from *Monroe* and *Halsted*, it is clear that Pioneer's judgment lien was subject to the earlier unrecorded contract for the sale of real estate between O'Neill and Scoular. Pioneer's interest in the subject property consisted of a lien on O'Neill's interest as the seller of real estate. While prior liens against the property prevented either O'Neill or Pioneer from receiving any of the proceeds from the sale to Scoular, O'Neill's interest as the seller was conveyed by the sale to Scoular. Similarly, Pioneer's interest in the property, being derived from O'Neill's, was also conveyed by such sale. Thus, we must and do hereby affirm the judgment of the district court.

AFFIRMED.