In the Matter of Milo SMITH, Debtor.

Milo SMITH, Plaintiff,

v.

Ruthelma SMITH, Defendant.

Bankruptcy No. BK87–02331.
Adv. No. A88–4091.

United States Bankruptcy Court,
D. Nebraska.

Dec. 28, 1990.

Gregory J. Beal, Ogallala, Neb., for debtor.

Lori J. Siewert, North Platte, Neb., for defendant.

## MEMORANDUM

JOHN C. MINAHAN, Jr. Bankruptcy Judge.

This is an action by the debtor, Milo Smith, to determine the validity, priority or extent of the defendant, Ruthelma Smith's interest in payments to be made under a land sale contract. Her interest, which was obtained in connection with her divorce from the debtor, is also sought to be avoided under 11 U.S.C. § 544. The parties have submitted this matter to the court for decision upon a stipulation of facts.

In 1974, debtor and defendant, then husband and wife, acquired joint title to a parcel of land in Chase County, Nebraska. In June 1980, debtor and defendant sold the property by a land sale contract. In April 1982, debtor and defendant were granted a divorce. Under the divorce decree, defendant, Ruthelma Smith, was to receive all rights under the land sale contract as her separate property and she thereafter received payments made on the land sale contract for the years 1983 through 1989. Debtor claims that he has a legal interest in the land, because title is still in the name of he and Ruthelma Smith. Debtor asserts that Ruthelma Smith's interest in the land and land contract is avoidable under 11 U.S.C. § 544 because her interest is not duly recorded. Debtor, thus seeks to avoid Ruthelma's interest in the land contract payments so that this revenue can be used by debtor under the plan of reorganization.

Ruthelma Smith argues that her interest in the land contract and in the payments to be made on the land contract are not property of the debtor's bankruptcy estate.

She relies on the fact that under a state court judgment all rights under the land sale contract were awarded to her as her separate property.

■ I conclude that Ruthelma Smith's argument is valid. After execution of the land contract, Milo Smith and Ruthelma Smith had bare legal title to the land and a vendor's rights under the land contract. Upon entry of the state court judgment, Ruthelma Smith became the owner of all rights under the land contract and Milo Smith thereafter had no ownership interest in the land contract or in payments to be made thereunder. It should be noted that Ruthelma's interest in the land contract was a matter of public record. Legal title to the underlying property was in the name of Milo Smith and Ruthelma Smith. Further, Ruthelma Smith was a vendor under the recorded land contract. Under the state court judgment, Ruthelma obtained Milo Smith's interest in the land contract and that fact became of public record when the judgment was docketed. I therefore conclude that the land contract and the right to receive payments under the land contract are not property of Milo Smith's bankruptcy estate.

■ Milo Smith was a titleholder of record on the underlying land at the time this bankruptcy case was commenced. The bankruptcy estate includes only Milo Smith's interest in property. When a debtor holds only legal title and another party holds the equitable interest, only the debtor's legal interest constitutes property of the bankruptcy estate. See 11 U.S.C. §§ 541(a)(1) and 541(d). Upon entering into a land sale contract the interest in property is deemed transferred to the vendee under the doctrine of equitable conversion. The interest held by the vendor is considered personal property. The legal title is retained by the vendor as security for payment on the debt. See Buford v. Dahlke, 158 Neb. 39, 62 N.W.2d 252 (1954); DeBoer v. Oakbrook Home Association, Inc., 218 Neb. 813, 359 N.W.2d 768 (1984); Ehlers v. Vinal, 382 F.2d 58 (8th Cir.1967). Milo Smith's holding of legal title to the land is really of no significance under Nebraska law, as he has no equitable interest in either the underlying land or in payments to be made under the land contract. I conclude that property of this bankruptcy estate does not include the interest of Ruthelma Smith in the payments to be made under the land contract. The land contract payments are her property and Milo Smith has no interest in the payments under Nebraska law. Milo Smith has legal title in the real estate and his legal title is property of the bankruptcy estate.

■ Having concluded, in first instance, that Ruthelma's interest in the land contract is not property of the bankruptcy estate, we must now consider whether Ruthelma's interest may be drawn back into the bankruptcy estate under 11 U.S.C. § 544. If Ruthelma's interest in the property is avoided under 11 U.S.C. § 544, her interest would become property of the bankruptcy estate under 11 U.S.C. § 541(a)(3).

As of the commencement of the bankruptcy case, the trustee (or debtor in possession) is given the status and power to avoid transfers voidable by judicial lien creditors, unsatisfied execution creditors, or bona fide purchasers of real property. 11 U.S.C. § 544(a). As stated above, a vendor's remaining interest in a land sale contract is personal property. As such, Ruthelma's interest in the land contract and land contract payments may be avoided if a levying creditor of Milo Smith would take priority over her interest under Nebraska law. A levying creditor of Milo Smith would not prevail against Ruthelma because all rights under the land sale contract are Ruthelma's property. Under the state judgment, Ruthelma was awarded all rights under the land sale contract for her share of marital property. Therefore, Milo Smith retained nothing upon which his creditors could levy. Thus, Ruthelma's interest in the land sale contract is not avoidable under 11 U.S.C. § 544.

Debtor contends that according to the land records, debtor and Ruthelma have legal title to the land sold. Further, debtor asserts that although the land sale contract is recorded, a hypothetical creditor of debt-

858

or could attach his interest in the land contract. Similarly, debtor argues that a hypothetical bona fide purchaser of real property could acquire debtor's interest in the land. Thus, debtor concludes that Ruthelma's interest in the land contract and land contract payments may be avoided under 11 U.S.C. § 544.

Assuming arguendo that Milo Smith did retain an interest in the land sale contract that could be attached by a levying creditor, I conclude that Ruthelma's interest would take priority over such levying creditor under Nebraska law. As stated above, a vendor's remaining interest in a land sale contract is personal property not real property. Even if Milo Smith's interest was considered real property the interest of Ruthelma could not be avoided. The land contract was duly recorded. Therefore, a hypothetical bona fide purchaser of real property would have notice of the contract and be subordinate thereto. Thus, there is no basis for avoidance under 11 U.S.C. § 544(a)(3).

Since the land contract is personal property under Nebraska law, we must consider whether a levying creditor could defeat Ruthelma Smith. As against a hypothetical levying or garnishing creditor of Milo Smith, Ruthelma would also have priority. Ruthelma's rights in the land sale contract are represented by a judgment from the state court. *See* Neb.Rev.Stat. § 42–366 (Reissue 1988). A right represented by a judgment (other than a judgment taken on a right to payment which was collateral) is not subject to the perfection requirements of Article 9 of the Uniform Commercial Code. U.C.C. § 9–104(h). Thus, Ruthelma was not required to file a financing statement in order to perfect her interest in the land sale contract. Under Nebraska law, a garnishing or levying creditor takes subject to any unrecorded transfers or interests that arose before the garnishment or levy. *See Scoular Grain Company v. Pioneer Valley Savings Bank*, 233 Neb. 608, 610, 447 N.W.2d 38, 40 (1989) (judgment lien was subject to an earlier unrecorded contract for the sale of real estate). On the facts of this case, not only did Ruthelma Smith have an interest in the underlying land contract before the bankruptcy case was filed, but her interest was of record through docketing of the state court judgment. Under Nebraska law, Ruthelma Smith's interest would be enforceable against and have priority over a creditor of Milo Smith who levied upon her interest on the date this bankruptcy case was commenced. Therefore, Ruthelma Smith's interest in the land sale contract and in the payments to be made thereunder, is not avoidable under 11 U.S.C. § 544(a)(1) or (a)(2).

Accordingly, the rights under the land sale contract are not property of debtor's bankruptcy estate and may not be avoided and drawn into the estate under 11 U.S.C. § 544. A separate order will be entered consistent herewith.