## ALICE N. HUSSEY *vs.* BENJAMIN W. FISHER.

### Kennebec.    Opinion July 17, 1900.

*Mortgage. Lien. Record. Notice. Law and Equity Act. R. S., c. 73, § 12; c. 90, § 5, cl.1; Stat. 1893, c. 217, §§ 4, 8.*

1.  In equity the mortgagee has a lien only on the mortgaged property, which does not become a title until foreclosure perfected without redemption.

2.  Payment of the mortgage debt after foreclosure begun but before it is perfected extinguishes the mortgage lien, and the mortgagor or his assignee is then entitled to the possession of the property.

3.  The record of a mortgage in the usual form stating the condition of the conveyance is notice to. the world that the mortgage grantee had a lien only, which may in fact have been extinguished by performance of the condition before a recorded foreclosure was actually perfected, even though the recorded foreclosure seemed to have been perfected by lapse of time.

*Held;* that these equitable principles can be interposed directly in bar of an action at law by a grantee of the mortgagee without other notice than what appears of record.

ON REPORT.

Real action. Plea, general issue, with the following brief statement of further defense under the Law and Equity Act, Stat. 1893, c. 217:

And for a brief statement of special matter of defense to be used under the general issue pleaded, the said defendant further says:

1st. That the title, if any, of the plaintiff to the premises in question arises out of a seizure and a sale on execution of the same as the property of one Stephen D. Blaisdell upon a judgment recovered by said plaintiff against said Blaisdell at the October term of the Supreme Judicial Court for 1898.

2nd. That on the 20th day of September, 1884, one Joanna Woods, then the legal owner of said premises, mortgaged them to said Stephen D. Blaisdell for the sum of two hundred and fifty dollars, and further advances, a copy of which said mortgage is hereto annexed marked "Plaintiff's Exhibit A," and had given at the same time her note for two hundred and fifty dollars, and on

the 20th day of June, 1885, a further note for seventy-three dollars and eighty-four cents.

3rd.    That the notes aforesaid not having been paid at maturity the said Stephen D. Blaisdell began process of foreclosure of said mortgage by publication, the first notice being published on the 27th day of April, 1888, a copy of the record of which is hereto attached marked "Plaintiff's Exhibit B."

4th.    That on the 12th day of April, A. D. 1889, the said defendant purchased the premises described in plaintiff's writ of said Joanna Woods, taking from her a deed of warranty of the premises, subject to the mortgage given by her to said Stephen D. Blaisdell, which mortgage the said defendant assumed and agreed to pay, which said deed was dated April 12, 1889, and recorded April 15, 1889, in Kennebec registry of deeds, book 376, page 325, and a copy of which is hereto attached marked "Defendant's Exhibit C."

5th.    That the said defendant thereupon requested the said Stephen D. Blaisdell to render him a true and correct statement of the amount due upon said mortgage and upon said 12th day of April, 1889, such account was rendered showing the amount due to be four hundred and forty-eight dollars and five cents, a copy of which statement is hereto annexed marked "Defendant's Exhibit D."

6th.    That on the 15th day of April, 1889, before the period of redemption of said mortgage had expired, and after he had purchased said premises, the said defendant paid to S. & L. Titcomb, who had said mortgage and notes in their possession, said sum of four hundred and forty-eight dollars and five cents, whereupon the said attorneys, S. & L. Titcomb, wrote the following upon the back of said mortgage:

"April 15, 1889.

The debt secured by the within deed of mortgage having been paid in full, said mortgage is hereby discharged.

STEPHEN D. BLAISDELL.

By S. & L. Titcomb,

His Attorneys."

7th. And said defendant says that, supposing the above to be a sufficient legal discharge he took no further writing or discharge of any kind from said Blaisdell, or his attorneys, nor did he record said writing, and that since said 15th day of April, 1889, he has remained in the undisputed possession of said premises down to the date of this writ.

8th. And the said defendant is informed and believes that said S. & L. Titcomb were the due and legally authorized attorneys of said Stephen D. Blaisdell, and that they duly paid over to him the proceeds of said sum of four hundred and forty-eight dollars and five cents so received by them.

9th. The defendant therefore avers that having redeemed said premises from said mortgage within one year after the first publication of said foreclosure notice, said mortgage was never legally foreclosed, and the said plaintiff in this action acquired by said levy and sale only the title which then remained in the said Stephen D. Blaisdell, if any there was.

Wherefore, the said defendant avers that the matters herein set forth constitute good ground for relief either in law or in equity, and therefore submits them to this Honorable Court and prays that he may receive such relief against the claims of the plaintiff, and especially that the title of the plaintiff, if any, may be decreed to be that of a trustee of a mere dry trust, and that the said plaintiff may be ordered and directed to convey said title, if any, to the said defendant upon proper terms, and for such other and further relief as to the court may seem meet, and for his costs.

The case appears in the opinion.

*A. M. Goddard,* for plaintiff.

Notice: *Hull* v. *Noble,* 40 Maine, 459; *Bradley* v. *Merrill,* 88 Maine, 319; *Bailey* v. *Knapp,* 79 Maine, 195; *Williamson* v. *Wright,* 75 Maine, 35; *Lawrence* v. *Tucker,* 7 Maine, 195; *Porter* v. *Sevey,* 43 Maine, 519; *Goodwin* v. *Cloudman,* 43 Maine, 577; *Jones* v. *McNarrin,* 68 Maine, 334. The plaintiff having no notice of the payment of the mortgage, she was under no obligation to go

outside the record to ascertain whether or not the mortgage had been paid or discharged during, or subsequent, to the foreclosure period. To hold otherwise and to permit parties ten years after a mortgage had been foreclosed of record to prove by parole, or by producing an unrecorded discharge, that the mortgage had been paid after commencement and record of foreclosure proceedings to the prejudice of purchasers or attaching creditors without notice, would imperil all the titles in this state which depend on mortgage foreclosures.

Payment and unrecorded discharge of a mortgage after record of foreclosure cannot affect the rights of creditors attaching after expiration of foreclosure without notice. Law and equity apply different rules to the subject of mortgages. *Stewart* v. *Crosby*, 50 Maine, 130. The mortgage vests the legal title and seizin in the mortgagee. *Jones* v. *Smith*, 79 Maine, 446. Payment after condition broken does not revest the title in the mortgagor, and the legal estate will remain in the mortgagee until released by some adequate form of conveyance. *Jones* v. *Smith*, supra. The statute prescribes only three methods for discharging mortgages of real estate. R. S., c. 90, §§ 28, 29. "A deed of release" mentioned in § 28 means an instrument under seal. Bouv. Dict., "Deed."

The alleged discharge in this case was not a deed of release, because not under seal; neither was it signed by the "person authorized to discharge" the mortgage, as no written previous authority from, or subsequent written ratification by Blaisdell is shown. The discharge is not a legal discharge, and not legally entitled to record.

Defendant not entitled to equitable relief, in this case, under the Law and Equity Act. The mortgagee did not hold the legal title in trust for the mortgagor; nor would such a trust be implied by law. R. S., c. 73, § 12; *Knapp* v. *Bailey*, 79 Maine, 195. Under attachment and sale, the plaintiff acquired all rights which she could have acquired by attachment and levy. *Woodward* v. *Sartwell*, 129 Mass. 210; *Millett* v. *Blake*, 81 Maine, 531. Equity will not hold the discharge to be "an instrument of defeasance". Even so, it could have no greater effect than a legal instrument of

defeasance, and neither could defeat the plaintiff's title without notice. R. S., c. 73, §§ 9, 12; *Bailey* v. *Myrick,* 50 Maine, 171.

*H. M. Heath and C. L. Andrews,* for defendant.

SITTING: EMERY, HASKELL, WHITEHOUSE, STROUT, SAVAGE, FOGLER, JJ.

EMERY, J. The material facts are these: The real estate in question consists of a tenement house and lot in Kennebec county occupied by various tenants. It formerly belonged to Joanna Woods who in 1884 mortgaged it by deed, in the usual mortgage form with the one year foreclosure clause, to one Mr. Blaisdell to secure the payment of certain promissory notes described in the mortgage. This mortgage was duly recorded in the proper registry of deeds. In 1888, the notes not then having been paid, the mortgagee, Blaisdell, gave notice by publication of his purpose to foreclose the mortgage by reason of condition broken, according to the statute, R. S., ch. 90, § 5, cl. 1. This notice, dated April 18, 1888, was also duly recorded, and it is conceded that, unless before exercised, the right of redemption would have expired April 18, 1889.

The mortgagor, Mrs. Woods, within the redemption year, to-wit, April 12, 1889, conveyed the real estate to Mr. Fisher, the defendant, by warranty deed, the grantee (Mr. Fisher) however undertaking to pay the mortgage debt due Blaisdell, the mortgagee. He did pay that debt in a few days, on April 15th, 1889, three days before the right of redemption would have expired. The mortgagee, Blaisdell, delivered to him the promissory notes and also the mortgage deed, having indorsed on the deed over his signature the following, viz:

"April 15, 1889. The debt secured by the within mortgage having been paid in full, said mortgage is hereby discharged." Nothing however was put upon the records in the registry of deeds indicating any such discharge. Mr. Fisher, having obtained his deed from Mrs. Woods and having paid off the mortgage, caused the various tenants of the real estate to attorn to him, and there-

after managed the estate and collected the rents to his own use. The mortgagee never was in possession.

In 1898, nearly ten years afterward, the plaintiff, Mrs. Hussey, had a claim against Mr. Blaisdell the mortgagee above named, and on June 16, 1898, caused to be made thereon a general blanket attachment of all his real estate in Kennebec county. She then had no notice of any of the facts above recited, except so far as she was chargeable with notice by what appeared of record in the registry of deeds. Having obtained judgment on that suit, she caused the execution to be levied upon the real estate in question as the property of her debtor, Blaisdell, the mortgagee in the mortgage above described. At the execution sale she purchased the real estate at the price of the amount of her judgment and received the usual sheriff's deed therefor.

Relying on the title, if any, thus acquired, Mrs. Hussey has brought this action at law, a writ of entry, to recover the real estate above described-from Mr. Fisher. The latter, the defendant, has pleaded the general issue at law,—and has also pleaded in the form of a brief statement under the general issue the facts above recited, in accordance with the Law and Equity Act of 1893, ch. 217, § 4, as interpreted in *Miller* v. *Packing Co.*, 88 Maine, 605.

The defendant's argument is, that the facts recited and pleaded show, perhaps the legal title, or in any event the equitable title to be in him, and that even if his title be only equitable it bars this action through the operation of the statute cited, without the intervention of any suit in equity to enforce that title.

The plaintiff's argument is,—that by the law of this state the mortgage deed conveyed to Mr. Blaisdell, the legal estate, the fee, —that while payment of the mortgage debt before condition broken may ipso facto revest the legal estate in the mortgagor, payment after condition broken does not have that effect, but leaves the legal estate in the mortgagee though, perhaps, to be held in trust for the mortgagor to be released upon demand,—that whoever in good faith acquires from the mortgagee that legal estate, appearing of record to be a legal estate, without notice of the trust, i. e. of the payment after condition broken, is protected even in

equity against the cestui que trust, the mortgagor,—that the facts recited show that she did thus acquire the legal title and hence is entitled to judgment in this action at law, whatever might be the result in equity.

In answer to the suggestion that a levying creditor like herself is not entitled to that protection against unknown equities, which is accorded to innocent purchasers for value, she invokes the statute, R. S., ch. 73, § 12, which enacts that "a title derived from levy of an execution cannot be defeated by a trust however declared or implied by law unless the . . . creditor had notice thereof." In answer to the suggestion that according to the cases *Crooker* v. *Crooker*, 46 Maine, 250, and *Houghton* v. *Davenport*, 74 Maine, 590, the court has an equity power to remove from property held in trust an attachment made by a creditor of the trustee in good faith without notice, she points out that her attachment had become merged and completed in a levy of execution, and argues that, whatever the court could do with a mere attachment, it cannot unloose her completed levy.

As this case is presented, we have now no occasion to consider any distinction between the legal and the equitable title to land under mortgage, nor to consider whether the defendant's title, if any he have, is available at law or only in equity. Though the action is at law, yet, if the facts show a defense heretofore available only in equity, we must under the Law and Equity Act cited (1893, Ch. 217), hold this action to be thereby barred. Indeed, should there be disclosed "any conflict or variance between the principles of law and those of equity" as to this subject matter, the principles of law must give way to those of equity. Ibid. § 8.

In equity, at least, has long prevailed the doctrine,—that the debt is the substance, and that the mortgage securing it is a mere incident which always disappears with the disappearance of the substance,—that, whatever the form of the mortgage, in reality the mortgagee has not the fee, the legal title, but only a lien, which remains only a lien, until by proper foreclosure proceedings and the continued default of the mortgagor he converts the lien into a title, —that payment of the mortgage debt any time before foreclosure

perfected, even though begun, extinguishes the debt, the lien and all interest of the mortgagee.

In this case the mortgage debt was fully paid and the mortgagee's lien or interest was thereby completely extinguished before foreclosure perfected, and long before the plaintiff undertook to attach such interest. Hence the equitable doctrine, being now by the statute made applicable to actions at law, plainly bars this action unless the plaintiff can successfully interpose want of notice under the statute above cited by him, viz: R. S., ch. 73, § 12.

There was, however, no want of notice within the purview of that statute. The plaintiff was plainly warned by the record itself that the interest she undertook to attach was only that of a mortgagee, and was liable to have been extinguished by the payment of the mortgage debt before the expiration of the redemption year. Such warning was all the more explicit from the absence of any evidence that the mortgagee had ever entered under his mortgage or obtained any judgment thereon. The presence upon the record of the notice of foreclosure, by publication only, did not lessen the likelihood of subsequent payment nor dim the clearness of the warning. She was still distinctly informed by the record that the existence of any attachable interest in the mortgagee depended upon the controlling fact whether the mortgage debt had been paid before the expiration of the redemption year. She was practically directed by the record to ascertain that fact by effectual inquiry.

The mere lapse of a year after the first publication of notice of foreclosure, even without anything appearing of record to affirmatively indicate payment within the year, did not of itself work a perfected foreclosure,—did not constitute an assurance that the debt had not been paid within the year, especially as the mortgagee did not appear to have been in possession. Only the lapse of the year without payment would make the mortgagee's interest of such a nature as to be attachable. The fact of payment or non-payment of the mortgage debt was still the controlling fact confronting the plaintiff and which she neglected to ascertain.

This conclusion is in accordance with the previous decisions of this court. In *Moore* v. *Ware*, 38 Maine, 496, the defendant, the

assignee of a mortgage deed and in possession, claimed protection against the holder of one of the mortgage notes upon the ground that he was a bona fide purchaser for value without notice. The court decided that the mortgage itself gave him notice that he must hold any interest under the mortgage for the benefit of the holders of the notes. In *Lunt* v. *Lunt*, 71 Maine, 377, it was decided that the mere deed of a mortgagee not in possession conveyed no interest in the mortgaged premises, even at law. In *Jordan* v. *Cheney*, 74 Maine, 359, the facts were these: The mortgagee had transferred the mortgage notes to the plaintiff without assigning the mortgage. He afterwards obtained a quitclaim deed of the mortgaged land from the mortgagor, and thus appeared upon the record to hold both interests, that of mortgagor and mortgagee. The defendant purchased by deed from him for value and in good faith without any notice except such as the record gave him. It was held that the land followed the debt and that no interest therein passed to the defendant,—that the record as it stood was notice to him that the debt might still be outstanding in the hands of other persons. *Lord* v. *Crowell*, 75 Maine, 399, was like this an action at law, a writ of entry. The plaintiff was the assignee of the mortgage debt evidenced by promissory notes. The defendant was in possession of the mortgaged premises as a purchaser for value without actual notice under a subsequent warranty deed from the mortgagee who was in possession taking the rents and profits. The plaintiff subsequently sued the mortgagor on the mortgage notes, recovered judgment and levied his execution on the mortgaged premises. The effect of these proceedings by the plaintiff was held to be,—that the mortgage debt was satisfied,—that the interest of the mortgagee was extinguished,—that the interest of the defendant in possession under a warranty deed for value and without actual notice was also extinguished,—that the record itself disclosed the nature and infirmity of the interest the defendant assumed to purchase,—and that he had no defense even to the action at law.

It is urged in argument that this conclusion will render uncertain, if not valueless, all titles derived from a mortgagee. Not so. A mortgagee can always have the fact of non-payment of the mort-

gage debt judicially and conclusively ascertained and declared and made a matter of record.   If he prefers to foreclose the mortgage simply by publication of notice of foreclosure without any judicial proceedings, and rest his title upon such foreclosure alone, he should carefully preserve evidence that the debt has not been paid.   It is further urged that this conclusion does away with all necessity for the placing upon the record by the mortgagor any evidence of the discharge of the mortgage.   Again not so.   No one need take a mortgagor's title, till the mortgage is cleared from the record as well as extinguished in fact.   The appearance upon the record of a mortgage not discharged of record, is a dark cloud upon the mortgagor's title.   The placing upon the record the statutory evidence of payment is still necessary to relieve the mortgagor of the burden of proving payment in fact, and is still necessary to a clear marketable title in him.

The defendant, upon his theory that under his brief statement he is entitled to affirmative relief in equity, asks for a decree that the plaintiff shall release to him all title acquired under her levy. It is evident, however, that a judgment for the defendant in this action is sufficient relief.

*Judgment for defendant.*