Gerhard SCHAEFER

v.

**PEOPLES HERITAGE SAVINGS BANK.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 12, 1995.
Decided Jan. 2, 1996.

Jana S. Stabile, Michael S. Haenn, Bangor, for Plaintiff.

Harold C. Hamilton, George W. Kurr, Logan, Kurr & Hamilton, Bangor, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Gerhard Schaefer appealed, and the Superior Court (Hancock County, *Marsano, J.*) reported, pursuant to M.R.Civ.P. 72(c), what the court referred to as its "interlocutory order." Peoples Heritage Savings Bank moved to dismiss the appeal. In the interests of judicial economy, we address the substantive issue in dispute, namely, whether a mortgage conveyed to the Bank by one of two joint tenants survived the death of the mortgagor.

In 1993 the Bank[1] commenced an action in the District Court (Ellsworth) to foreclose three mortgages on property in Ellsworth and Trenton owned by Gerhard Schaefer and his wife, Erika Schaefer, as joint tenants. Erika died prior to the foreclosure action. In 1994 Gerhard Schaefer filed a two-count complaint against the Bank in the Superior Court alleging that the mortgages were neither executed by him nor executed pursuant to any authorization given by him. Count I of the complaint seeks a declaratory judg-ment that Schaefer as the surviving joint tenant is the sole owner of the property, free and clear of any encumbrance by the Bank. Count II seeks an award of damages for slander of Schaefer's title to the property. The Bank moved to dismiss the complaint on the ground that Schaefer's claims constitute compulsory counterclaims in the District Court action. In addition, both the Bank and Schaefer moved for a summary judgment. After a hearing, the Superior Court ordered the complaint consolidated with the District Court action pursuant to M.R.Civ.P. 42(a); dismissed Count I for failure to file a compulsory counterclaim, reserving to Schaefer the right to amend his answer in the District Court to allege a counterclaim for a declaratory judgment; denied as moot both motions for a summary judgment on Count I; and granted a summary judgment in favor of the Bank on Count II.

Despite the fact that the case is before us on report pursuant to M.R.Civ.P. 72(c) as well as on appeal, the Bank argues that Schaefer has improperly appealed an interlocutory order. We disagree. Because the court lacked any procedural mechanisms for its order of consolidation, we deem it a nullity. Although M.R.Civ.P. 42(a) provides for consolidation of cases involving common questions of law and of fact when each case is "pending before the court, in the same county," the rule contemplates cases pending in the same court. With the order of consolidation stricken from the decision, it disposes of all issues and becomes a final judgment.

Schaefer contends that any interest of the Bank in the mortgaged property was extinguished by the death of Schaefer's spouse and joint tenant, Erika. Schaefer acknowledges that a mortgage under Maine law "is regarded as a conditional conveyance [that vests] legal title in the mortgagee," citing *Martel v. Bearce,* 311 A.2d 540 (Me. 1973). He suggests, however, that *Hussey v. Fisher,* 94 Me. 301, 47 A. 525 (1900), involving an attaching creditor of a mortgagee, is authority to the contrary. We conclude that the procedural posture of *Hussey* renders it

1. The action was commenced by Mid Maine Savings Bank. Peoples Heritage Savings Bank is the successor to Mid Maine.

scant authority for any holding beyond its facts. Our more recent case of *Irvin L. Young Found., Inc. v. Damrell*, 511 A.2d 1069 (Me.1986), does hold that a lien against a joint tenant is extinguished by the death of that joint tenant, but does not answer the issue presented here.

 Schaefer also contends that the conditional nature of the mortgage deed prevents it from operating as a severance of the joint tenancy. He relies on language from *Maine Sav. Bank v. Bridges*, 431 A.2d 633 (Me.1981), that he argues limits the ability of a joint tenant to sever the joint tenancy only by a transfer of title that is noncontingent. Again, Schaefer misreads our prior decision. *Bridges* dealt with the status of a husband, co-tenant who murdered his wife and joint co-tenant, and held that Bridges could not profit from his wrongdoing. The "noncontingent ownership" described in *Bridges* referred to the ownership of a tenant in common after the severance of a joint tenancy, meaning that the title is removed from the contingency of survivorship. Nothing in our opinion in *Bridges* suggests that a conditional conveyance, as in a mortgage deed, would be ineffective to sever a joint tenancy. When the mortgage is discharged, the mortgagor will remain a joint tenant. When the mortgage is foreclosed, the joint tenancy is severed and the mortgagee becomes a tenant in common. In short, the trial court correctly concluded that Erika's mortgage deed was effective to sever the joint tenancy, subject only to the right of redemption.

By virtue of the judgment in favor of the Bank on Count II, the issues raised in Count I are necessarily decided. We need not address the dismissal of Count I, nor the question whether Count I constitutes a compulsory counterclaim in the District Court foreclosure action.

The entry is:

Judgment modified by striking the order of consolidation, and, as modified, affirmed.

All concurring.