STATE OF MAINE
PENOBSCOT, ss.

CIVIL ACTION
DOCKET NO.
BANSC-CV-13-99
NEWDC-RE-11-51
∂AM - PEN - 11/18/2013

WEN CHIANG, *et al.*,

      Plaintiffs,

v.

DAVID MAJOR, *et al.*,

      Defendants.

*and*

DAVID MAJOR, *et al.*,

      Plaintiff,

v.

WEN CHIANG,

      Defendant/Third-Party-Plaintiff

v.

KIM MAJOR

      Third-Party-Defendant

**DECISION AND ORDER**

This order addresses several motions pending before the Court in the companion cases of *Chiang v. Major*, CV-13-99, and *Major v. Chiang*, RE-11-51. The Court addresses each in turn. The motions were heard on October 11, 2013, with the Majors represented by Attorney Michael Wiers, and Wen Chiang, Kate King and Linda Chiang individually representing themselves. [1]

---

[1] For purposes of this order the Plaintiffs in *Chiang v. Major*, Kate King, Linda P. Chiang, and Wen Chiang, are referred to as "Chiang" where appropriate. Wen Chiang is the only party among these three who is also a party in *Major v. Chiang*, RE-11-51.

1

## A. *Chiang v. Major*, CV-13-99

Four motions are pending before the Court in *Chiang v. Major*, CV-13-99; namely, Chiang's June 20, 2013, motion to consolidate, Chiang's Motion to Strike the Motion to Dismiss, Chiang's Motion to Vacate this Court's August 14, 2013, order, and the Major's motion to dismiss.

### 1. *Motion to Consolidate*

As a general matter, the Court is charged with ensuring that matters before it are determined so as to avoid unnecessary costs and delay, as well as the "convenience of the parties and witnesses and the interests of justice." M.R. Civ. P. 42(a), (c); *See* M.R. Civ. P. 1. The situation presented by the companion cases of *Major v. Chiang* and *Chiang v. Major* gives rise to concerns regarding the costs of two separate trials on claims which seem to arise out of the same nucleus of common facts. Moreover, the propriety of having the same claims heard by separate fact-finders creates the possibility of dueling findings on the same issues between the trials. On the other hand, the original action of *Major v. Chiang* (filed in July, 2011) would be further delayed if that matter had to wait for the matter of *Chiang v. Major* (filed in June, 2013) to be ready for trial.

Notwithstanding these competing concerns, the law in Maine prevents the Superior Court from consolidating "a District Court mortgage foreclosure action with a Superior Court civil action concerning the property . . . [because] Rule 42(a) contemplates only cases pending in the same court." Harvey, *Maine Civil Practice* §42:1 at 36 (3d ed. 2011)(citing *Schaefer v. Peoples Heritage Sav. Bank*, 669 A.2d 185 (Me. 1996)).

2

In the present case, the foreclosure action, *Major v. Chiang*, RE-11-51, and Wen Chiang's counterclaims and third-party claims therein are before the Court as part of a District Court action, being heard only by virtue of an inter-court agreement that the Superior Court will hear civil cases that will take more than two (2) hours at trial. The fact that the Superior Court is hearing the matter on behalf of the District Court does not transform it into a Superior Court action. In contrast, *Chiang v. Major*, CV-13-99, is a civil action brought in the Superior Court itself. Thus, the actions may not be consolidated under Rule 42, and the motion to consolidate is denied.

### 2. *Motion to Strike the Motion to Dismiss*

On August 22, 2013, Plaintiffs Chiang's filed a Motion to Strike the Motion to Dismiss (filed by Defendants on August 1, 2013) on the theory that they did not have sufficient time to file an answer to the motion because it was sent to the wrong address. At hearing, Wen Chiang stated that he had time himself to review the motion but that his co-plaintiffs did not. Notwithstanding this statement, Chiang stated that he wanted more time to address the motion. In contrast, Plaintiff Kate King agreed that she did not need more time to address the motion to dismiss and was prepared for argument at hearing. In fact, plaintiffs did file an opposition to the motion to dismiss, and the Court has fully considered this opposition. The written opposition to Defendants' motion to dismiss was filed on August 27, 2013 and was signed by all three plaintiffs.

At hearing, the Court informed the plaintiffs that they would be permitted to argue beyond their written response to the motion to dismiss in order to remedy any insufficiency of time they had to respond to the motion. After considering Plaintiffs'

3

arguments, the Motion to Strike is denied, and the Court will consider the Motion to Dismiss on its merits.

### 3. Motion to Vacate August 14, 2013, Order

Plaintiffs Chiang have also filed a Motion to Vacate this Court's August 14, 2013, order denying their motion for default, as well as granting Defendants' motion to enlarge the time for responding to the complaint. The thrust of Plaintiffs' argument is that they did not receive a copy of the Defendants' motion to enlarge. Despite this, there is a pending motion to dismiss, and even in the absence of a motion to enlarge the time for filing, an answer is not due until there has been resolution of the motion to dismiss. *See Truman v. Browne*, 2001 ME 182, ¶ 4, 788 A.2d 168 ("A motion [to] . . . dismiss tolls the time for filing an answer").With respect to Plaintiffs' argument that the motion for default judgment should not have been denied, the Court also disagrees. *Id.* Plaintiffs' motion to vacate is denied.

### 4. Motion to Dismiss as Duplicative

Finally, the Major's have filed a motion to dismiss in *Chiang v. Major*, which, although characterized in the written motion as a special motion to dismiss under Maine's Anti-SLAPP statute, 14 M.R.S. § 556, was argued at hearing as being based on the ground that the claims raised are duplicative of those which were raised as counterclaims in the companion case of *Major v. Chiang*, RE-11-51, and are vindictive.

Wen Chiang is both a Counterclaim/ Third-Party Plaintiff in *Major v. Chiang* and a Plaintiff in *Chiang v. Major*. In both actions, Wen Chiang has brought the exact same claims seeking the same relief (money damages); namely, (1) Intentional Breach of

4

Contract; (2) Negligence; (3) Torts; (4) Conveyance of Fraud; and (5) Unfair Trade Practices.

Dismissal of a complaint because it is duplicative does not address the merits of the complaint, but rather represents a ruling based on the Court's trial management powers. *Geary v. Stanley*, 2007 ME 133, ¶12, 931 A.2d 1064. A matter is duplicative when the "claims, parties, and available relief do not significantly differ between the two actions." *Id.* ¶15. (internal quotations omitted). Notably, "a second action may be duplicative even if the parties are not identical." *Id.*

In *Geary*, the Law Court upheld the dismissal of a complaint as duplicative when the trial court found that the filing of the second action was merely an attempt to circumvent the deadline for adding additional parties in the first action. *Id.* ¶13. There, the second action arose from the same transaction as the first and requested the same relief. *Id.* ¶15. The Law Court noted that "the Superior Court could have reasonably concluded that allowing Geary to proceed with the second action would enable her to circumvent the pretrial order and procedural rules . . ." *Id.*

In the present case, Wen Chiang has filed a complaint arising out of the same transaction as gave rise to his counterclaims in *Major v. Chiang*, RE-11-51. In fact, all of the claims are identical between the two actions and address the same common nucleus of operative facts. Moreover, in both actions, Chiang seeks substantially the same relief by asking for money damages and the relief available for these counts is in fact identical. Thus, all of the hallmarks of a duplicative action are present. Moreover, the Court also finds that allowing Mr. Chiang to proceed with the second action would enable him to circumvent the procedural posture and orders that have been entered in *Major v. Chiang*.

5

The Court finds that Wen Chiang must be dismissed from *Chiang v. Major* because his claims are all already before the Court in the District Court action of *Major v. Chiang*. This ruling also serves to abate the Court's concerns about dueling judgments as to Wen Chiang's claims in the two cases.

Thus, Kate King and Linda Chiang may proceed with their claims; however, they will do so without Wen Chiang. At the hearing, Kate King expressed a desire to dismiss her action. If she chooses to do so, she may file her dismissal on the attached form or another form of her choosing. If Linda Chiang wishes to dismiss her action, she may file her dismissal on the attached form or another form of her choosing.[2] Pursuant to Rule 41(a)(1), plaintiffs have the right to file dismissals of their action prior to Defendants filing an Answer. However, once Defendants file an Answer to the Complaint, Plaintiffs may not unilaterally dismiss their complaint, and any dismissal thereafter would only be by order of the Court upon such terms and conditions as the Court deemed proper.

The Majors will have until January 6, 2014 to file an Answer, and the Court requests (but does not order) that Defendants not file their Answer until December 20, 2013 to permit Plaintiff Kate King and Plaintiff Linda Chiang time to consider whether they wish to proceed or dismiss. If one or both plaintiffs choose to proceed, a Scheduling Order will issue.

## B. *Major v. Chiang*, RE-11-51

In *Major v. Chiang*, the Majors have filed an objection to discovery and Wen Chiang has filed a motion to compel the same discovery, a motion for jury trial, and a

---

[2] If only one of the two remaining plaintiffs wishes to dismiss, upon receipt of such dismissal, the Court will act pursuant to Rule 41(a)(2).

6

motion to postpone trial for the scheduling of a jury trial. These questions are taken in turn.

## 5. *Discovery Dispute and Motion to Compel*

In their objection to Chiang's discovery requests, the Majors complain that Mr. Wen Chiang is attempting to delay the trial by submitting interrogatories beyond the window for filing such a request. Alternatively, the Majors stated that the discovery request is overburdening and irrelevant.

The scheduling order set the discovery deadline as March 31, 2013, which date was later extended upon motion to May 15, 2013. The scheduling order went on to state, "[d]iscovery shall be initiated so as to enable the opposing party to serve a response within the period allowed by the rules but in advance of this deadline." M.R. Civ. P. 33 provides that "the party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories. . . ." Similarly, with respect to a request for documents, M.R. Civ. P. 34(b) provides that "the party upon whom the request [for documents] is served shall serve a written response within 30 days after the service of the request . . . ."

Mr. Chiang's interrogatories and request for documents was dated April 30, 2013; however, the Majors claim that they did not receive the discovery requests until May 20, 2013, and Chiang himself is only able to prove that service occurred on May 14, 2013. Regardless of which date is accepted as being the date of service, the requests were untimely under the scheduling order and the rules. Because the requests were untimely, the Court need not address whether they were overburdening or irrelevant. In light of this,

7

the Majors need not respond to the requests, and Wen Chiang's Motion to Compel Discovery is Denied.

### 6. Request for Jury Trial and to Postpone Trial

Chiang has also filed a request for a jury trial in *Major v. Chiang*.[3] Chiang's claims of breach of contract, negligence, fraud and torts are all typically triable to a jury. *See Ela v. Pelletier*, 495 A.2d 1225, 1228 (Me. 1985) (breach of contract); *Thermos Co. v. Spence*, 735 A.2d 484 (Me. 1999) (negligence). Similarly, 5 M.R.S. § 213, governing private rights of action for unfair trade practices expressly provides for the right to a jury trial for this count. In contrast, foreclosure actions are not triable to a jury. *Kennebec Federal Sav. & Loan Ass'n v. Keuter*, 1997 ME 123, 7, 695 A.2d 1201.

However, the case of *Major v. Chiang*, RE-11-51, was filed in the District Court where the right to a jury trial does not attach. Chiang filed his counterclaims in that action and at no time did he request removal to the Superior Court, and thereby a jury trial pursuant to M.R. Civ. P. 76C(a).[4] Under the standing scheduling order, the District Court transferred the matter for trial in the Superior Court because the trial would take more than two hours to complete. (Scheduling Order ¶ 4.) The matter before the Court is a District Court action, even though being tried in the Superior Court, and as such there is

---

[3] Me. Const. art. 1, § 20 provides:

> In all civil suits, and in all controversies concerning property, the parties shall have a right to a trial by jury, except in cases where it has heretofore been otherwise practiced; the party claiming the right may be heard by himself and his counsel, or either, at his election.

[4] Chiang neither filed a notice of removal nor paid the required filing fee. M.R. Civ. P. 76C(a). Rule 76C(a) requires that the "notice shall be filed within the time for serving the answer to a complaint or other pleading to which an answer is allowed under Rule 7(a) . . ." Such time has long passed.

no right to a trial by jury. Thus, the request is denied, as is the June 12, 2013, motion to postpone the trial to schedule a jury trial.

### C. Judicial Settlement Conference

The Court discussed with the parties the potential for a judicial settlement conference. However, upon further reflection, a judicial settlement conference will not be scheduled at this time. If all parties wish to have a settlement conference, they may make that request in writing, and such request will be considered so long as such conference would not delay trial of the case.

The Entry is:

1. Plaintiffs' Motion to Strike the Defendants' Motion to Dismiss in *Chiang v. Major*, CV-13-99, is **DENIED**.
2. Plaintiffs' Motion to Vacate this Court's August 14, 2013, order in *Chiang v. Major*, CV-13-99, is **DENIED**.
3. Defendants' Motion to Dismiss in *Chiang v. Major*, CV-13-99, is **GRANTED** as to Plaintiff Wen Chiang. The Motion is **DENIED** as to Plaintiffs Linda P. Chiang and Kate King.
4. Plaintiffs' Motion to Relief from Discovery in *Major v. Chiang*, RE-11-51, is **GRANTED**. The Major's are relieved of any obligation to reply to Defendant Chiang's discovery requests because the time for discovery has now closed.
5. Defendant Wen Chiang's Motion to Compel Discovery in *Major v. Chiang*, RE-11-51, is **DENIED**.
6. Defendant Chiang's Motion for Jury Trial in *Major v. Chiang*, RE-11-51 is **DENIED**.
7. Defendant Chiang's Motion to Postpone Trial is **DENIED**.
8. *Major v. Chiang*, RE-11-51, will be set for trial at the next available time.
9. The Clerk shall incorporate this order into the docket by reference. M.R. Civ. P. 79.

Dated: November 18, 2013

Ann M. Murray, Justice
Maine Superior Court

9

## VOLUNTARY DISMISSAL OF CLAIMS

I, Kate King, do voluntarily dismiss my complaint and all claims raised therein in the case of Chiang v. Major, BANSC-CV-13-99, against David E. Major and Kim Major pursuant to M.R. Civ. P. 41(a)(1)(i), which permits the unilateral dismissal of an action by a plaintiff prior to the filing of an answer or a motion for summary judgment. In the alternative, I move for dismissal of my claims pursuant to M.R. Civ. P. 41(a)(2), upon such terms and conditions as the Court deems just and proper.

Dated: _____, ____, 2013        _____
                                       Kate King, Plaintiff

## VOLUNTARY DISMISSAL OF CLAIMS

I, Linda P. Chiang, do voluntarily dismiss my complaint and all claims raised therein in the case of Chiang v. Major, BANSC-CV-13-99, against David E. Major and Kim Major pursuant to M.R. Civ. P. 41(a)(1)(i), which permits the unilateral dismissal of an action by a plaintiff prior to the filing of an answer or a motion for summary judgment. In the alternative, I move for dismissal of my claims pursuant to M.R. Civ. P. 41(a)(2), upon such terms and conditions as the Court deems just and proper.


Dated: _____, ____, 2013          _____

                                             Linda P. Chiang, Plaintiff

KATE KING ET AL V DAVID MAJOR ET AL
UTN:AOCSsr  -2013-0052838                     CASE #:BANSC-CV-2013-00099
--------------------------------------------------------------------------

| 001 | PL  | KATE KING     | Pro Se         | / / | PRO |
| 003 | PL  | LINDA CHIANG  | Pro Se         | / / | PRO |
| 004 | PL  | WEN Y CHIANG  | Pro Se         | / / | PRO |
| 002 | DEF | DAVID MAJOR   | Michael Wiers  | / / | T   |
| 005 | DEF | KIM MAJOR     | "      "        | / / | T   |